1 | Ethel Matthews
2 | 100 E. Newby Ave.
San Gabriel, CA 91776
3 | 626-288-2224
4 | ethelmatthews@msn.com
*[Plaintiff in Pro Per]*
5 |



6 |
7 | **UNITED STATES BANKRUPTCY COURT**
8 | **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**
9 |
10 | **ETHEL MATTHEWS, an individual,** ) Case No.: 2-08-BK-15641-~~BN~~ *RK*
11 | **Plaintiff,** )
12 | **vs.** ) **MOTION FOR PERMANENT INJUNCTION**
 |  ) **IN VIOLATION OF AUTOMATIC STAY**
13 | **SELECT PORTFOLIO, INC., CHASE** ) **11 U.S.C. § 362, AND § 501**
 | **HOME FINANCE, LLC, JPMORGAN** ) **DISCHARGED INJUNCTION § 524**
14 | **CHASE BANK, N.A., QUALITY LOAN** ) **AND CREDITORS MISCONDUCT**
 | **SERVICE CORP, MERSCORP, INC.,** )
15 | **MORTGAGE ELECTRONIC** )
16 | **REGISTRATION SYSTEMS, INC.** ) Date:    [To be set]
 | **MERS, STEWART TITLE GUARANTY** )
17 | **COMPANY, U.S. BANK, ALBERTELLI** ) TIME:    [To be set]
18 | **LAW GROUP (ALAW) CALIFORNIA** ) Place:    [To be set]
 | **RECOVEYANCE COMPANY, AND** )
19 | **DOES 1-25, INCLUSIVE** )
20 |
21 | Defendants
22 |
23 |
24 | <u>**MOTION PERMANENT INJUNCTION FOR VIOLATION OF AUTOMATIC**</u>
25 | <u>**STAY, DISCHARGED INJUNCTION AND CREDITORS MISCONDUCT**</u>
26 |
27 |
28 | Plaintiff, Ethel Matthews, hereby moves this court for an award of damages against the
29 | Defendants for a violation of Automatic Stay, their misconduct and preempt another threatening
30 | foreclosure set for March 2017.  For this cause as follows:
31 | 1. Plaintiff filed for an Order of Relief under Chapter 11 in April 27, 2008
32 | Motion for Permanent Injunction in Violation of Automatic Stay, Violation of Discharged Injunction, and Creditors Misconduct

2. Plaintiff's Chapter 11 was converted to a Chapter 7 in June 11, 2009

3. Plaintiff received a Title 11 § 727 Discharge on May 3, 2011.

4. The gravamen of this motion is that:

    1.  Despite Plaintiff's filing of bankruptcy, Defendants with full knowledge of Plaintiff's bankruptcy discharge, continues to demand payment in violation of Federal Bankruptcy Law § 524, and § 362.

    2.  Despite Plaintiff's bankruptcy discharge, the Defendants continues to employ measures to obtain an unlawful foreclosure in violation of the bankruptcy stay.

    3.  Despite Plaintiff's bankruptcy stay, Defendants MERS, JPM, U.S. Bank, ALAW and Stewart, in concert, did willfully place a Mesne assignment against Plaintiff's Property violating Court Orders not to pursue claim on property without a proof of claim. Plaintiff alleges six (6) years after her bankruptcy, she has not been able to reestablish her credit.

    4.  Despite the bankruptcy automatic stay in the ResMae Mortgage, the original lender's bankruptcy, the Defendants continue violating the Permanent Injunction issued by the Delaware Court *(Case No. 07-10177 (KJC) Article XV Section 15.8 of the Plan)*

    5.  Despite the permanent injunction, MERS purportedly executed an assignment of Deed of Trust dated March 3, 2008 and recorded it April 16, 2008. An assignment of Deed of Trust that was fabricated, that was not found among series of Trust in 2006 and was void for it was not transferred into the PSA by the cut-off date, of October 1, 2006, as evidenced herein.

    6.  Not only did the Deed of Trust not make the cut-off date, the assignment was executed and transferred by MERS in violation of California Law.

    7.  Despite the bankruptcy automatic stay, MERS purportedly executed and transferred the same assignment of Deed of Trust to a different securitized trust dated November 14, 2011 and recorded with the County Recorder's Office, December 23, 2011.

    8.  Despite the bankruptcy automatic stay, MERS also in concert with SPS, QLS, U.S. Bank, and JPM purportedly corrected the invalid assignment eight (8) years

Motion for Permanent Injunction in Violation of Automatic Stay, Violation of Discharged Injunction, and Creditors Misconduct

after the Mortgage-Back Security (MBS) close date in order to expedite a foreclosure. Plaintiff alleges the transfer of the assignment of deed of trust was recorded after the MBS closed, it was a fabricated document prepared by MERS with no rights to do so. That assignment could not be ratified or validated because it was a void Deed of Trust. Therefore, the subsequent foreclosure sale of the property is void as well.

9. Plaintiff alleges MERS role as a tracking system, did not own the underlying note and was in violation of California Law when it purportedly transferred the Deed of Trust as noted herein. Upon information and belief, in a non-judicial foreclosure, only the original beneficiary, or its assignee, or agent of a Deed of Trust may direct the trustee to sell the property. **Any attempt to transfer the beneficial interest of a Trust Deed without ownership of the underlying note IS VOID UNDER CALIFORNIA LAW.**

10. Despite the bankruptcy automatic stay, MERS exercised its rights purportedly as "nominee" for ResMae, a company that is no longer in business and whose assets were liquidated in bankruptcy in 2007. MERS has admitted that:

> Under its agreement with its mortgage-lenders members, MERS "cannot exercise, and is contractually prohibited from exercising, **any of the rights or interests in the mortgages or other security documents"** and that **MERS has "no rights whatsoever** to any payments made on account of such mortgage loans, to any servicing rights related to such mortgage loan, or **to any mortgaged properties securing such mortgage loan".**

11. Despite the fact that MERS severed its agency relationship with ResMae when ResMae was liquidated in bankruptcy, MERS has repeatedly exercised its rights as a "beneficiary" of said deed of trust by purportedly transferring rights, interest, etc. without recourse to another entity in violation of the bankruptcy stay and its own contract to its MERS members. **The assignment was in violation of MERS guidelines that state a member loses its agency relationship with the originating lender if they sell to non-member or are liquidated in bankruptcy.**

Motion for Permanent Injunction in Violation of Automatic Stay, Violation of Discharged Injunction, and Creditors Misconduct

12. Despite the bankruptcy stay, SPS continues to flood Plaintiff mailbox with statements and letters asserting Plaintiff obligations all the while stating "This is not an attempt to collect a debt". However, intentionally calling and writing Plaintiff willfully referencing the discharged debt. Specific intent is not a requirement for a discharge violation and, therefore, lack of specific intent is no defense. *(See In re Sanburg Fin. Corp., 446 B.R. 793, 804 (S.D. Tex. 2011))*

13. Despite the bankruptcy automatic stay, STEWART, the holder of Plaintiff's Title policy, knew or should have known listing MERS as "beneficiary" would result in improperly listing MERS as "grantee" in the County Recorder's Office. The determination of MERS as "beneficiary" is false and deceptive to Plaintiff and the over-all public.

This action seeks relief and redress for the abusive, unlawful and deceptive practices committed by the Defendants in connections with their efforts to collect a pre-petition debt that was discharged by Plaintiff's Chapter 7 bankruptcy and liquidated in the original lenders Chapter 11 bankruptcy. The Defendants' conduct involves falsely representing that a discharged debt is still owed, with the sole purpose to coerce payments from Plaintiff via loan modification that was paid in 2009 and 2010, and where the payments were never applied toward the debt.

Plaintiff seeks monetary, declaratory and injunctive relief pursuant to 11 U.S.C. § 105 based on the Defendant's violation of 11 U.S.C. § 524, § 362 and § 501.

Plaintiff seeks an injunctive relief. Plaintiff is lead to believe that an injunctive relief is appropriate and if it's not so ordered, Plaintiff will continue to be faced with the continuation of harm to Plaintiff whose credit reports have been marred as a result of the reported debts, torpedoing her chances of getting new loans with the liens placed against the property, emotional stress of the repeated notices of foreclosures at the hands of the Defendant's deceptive practices henceforth to no end.

The mere violation of automatic stay constitute injury to Plaintiff. The phone calls and the influx of letters continues with attempts to coerce payment of a discharged debt in violation of the discharge injunction.

Motion for Permanent Injunction in Violation of Automatic Stay, Violation of Discharged Injunction, and Creditors Misconduct

Plaintiff alleges and believes that Defendants intentionally mislead and engaged in material omissions by failing to disclose to Plaintiff the true facts, including the fact that Defendants attempts to conduct numerous non-judicial foreclosure sale, were without any rights under the law. Defendants did so in concert with MERS by recording a fabricated Deed of Trust after the date allowed pursuant to the PSA, repeated substitutions of trustees and rescinding notices of default.

## PARTIES

1. Plaintiff is Ethel Matthews, a natural person and a resident of the State of California. Plaintiff is also a ("Plaintiff") as defined by the Bankruptcy Code 11 U.S.C § 101 et. seq.

2. Mortgage Electronic Registration System, Inc. ("MERS") is a Delaware corporation and a wholly-owned subsidiary of Defendant MERCORP ("MERSCORP")[1]. MERS is a tracking system of mortgages.

3. Upon information and belief, J.P. Morgan Chase Bank, N.A., as successor by merger to Chase Home Finance, LLC,[2] a servicing company (hereinafter "JPM") remains as a Mesne assignment against Plaintiff's property.

4. Select Portfolio Servicing, Inc. (hereinafter "SPS") purportedly a servicing company on behalf of Defendant JPM, the lien holder.

5. U. S. Bank assigned as Trustee for JPMorgan Chase Bank ("USBank")

6. Stewart Title Guaranty Company as Trustee ("STEWART"). Trustee to the original ResMae loan and does holds Plaintiff's Title Policy. Upon information and belief, Stewart was at all times material hereto and currently is a shareholder in MERCORPS.

7. Albertelli Law Group ("ALAW") as successor by merger to California Recoveyance Company ("CRC")[3], both substituted as Trustee and remains as a Mesne assignment against Plaintiff property with Stewart.

---

[1] MERS a subsidiary of MERCORPS, henceforth referred to as "MERS".
[2] JPMorgan Chase Bank as successor by merger to Chase Home Finance, LLC, henceforth referred to as "JPM"
[3] ALAW as successor by merger to California ReCoveyance Company, henceforth referred to as "ALAW"
Motion for Permanent Injunction in Violation of Automatic Stay, Violation of Discharged Injunction, and Creditors Misconduct

8.  Quality Loan Services, Inc. ("QLS") a Trustee company for SPS.

## FACTS

1.  On February 12, 2007, ResMae Mortgage Corporation, the original lender, filed bankruptcy and its assets were transferred to Liquidating Trust of ResMae Mortgage Corporation, closing its doors for business November 6, 2007.

2.  On April 27, 2008, Plaintiff filed bankruptcy and was granted a discharged on May 3, 2011.

3.  Plaintiff alleges a notice of "Trustee's Sale Guarantee Order" dated January 3, 2008, executed by Chet Sconyer, a "Certifying Officer of MERS requested: **Please abstract and record the enclosed Notice of Default immediately regardless of condition of Title. Please record the enclosed first legal notice (and Substitution of Trustee** if required under the following Deed of Trust. With no **Lender or Investor on Document** with special instructions to foreclose in the name of U. S. Bank as Trustee for JPMAC:2006-H3 J.P. Morgan Chase Bank a security trust that was not found among the series of trust with the Security Exchange Commission (SEC). **(Exhibit 1)**

4.  Plaintiff alleges that Chet Sconyers, Vice President at First American Trustee Servicing Solutions/Nationwide and as a Certifying Officer of MERS as "beneficiary", executed a Notice of Default dated January 3, 2008 in the amount of $33,572.88, recorded January 4, 2008, **(Exhibit 2)** executed and signed a Substitution of Trustee, dated January 2, 2008, recorded February 29, 2008 **(Exhibit 3)** and a Notice of Trustee's Sale dated April 7, 2008 recorded April 8, 2008, **(Exhibit 4)**. These instruments were recorded before the assignment of Deed of Trust was filed April 16, 2008 **(Exhibit 5)**. **The assignment was in violation of MERS guidelines that state a member loses its agency relationship with the originating lender if they sell to non-member or are liquidated in bankruptcy.**

Motion for Permanent Injunction in Violation of Automatic Stay, Violation of Discharged Injunction, and Creditors Misconduct

5. Plaintiff's, alleges that on March 3, 2008, MERS purportedly as "beneficiary" executed an assignment of Deed of Trust (the instrument does not reference ResMae the original lender, nor does it reference a note being secured by the deed of trust) to U.S. Bank, as Trustee for JPMAC 2006-H3 J.P. Morgan Chase Bank N.A. Plaintiff alleges the assignment of the Deed of Trust recorded April 16, 2008 was void because it was not transferred into the Pooling and Servicing Agreement (PSA) by the cut-off date, of October 1, 2006 as stated on page 3 of Section 4.1 of the agreement **(Exhibit 6)**. This assignment was recorded two (2) years after the PSA closing date and five (5) months after ResMae bankruptcy liquidation. Upon information and belief, when a Deed of Trust joins a securitized trust-it is documented by a PSA. Each PSA has a cutoff date, and if the deed of trust is not transferred into the PSA by the cutoff date, then that sale is not true and legal. *(In Glaski, supra,* 218 Cal.App.4th 1079.). Furthermore, MERS did not own the underlying note therefore it could not transfer the beneficial interest of the Deed of Trust to another. **Any attempt to transfer the beneficial interest of the Deed of Trust without ownership of the underlying note is void under California Law.**

6. Plaintiff believes and upon such belief contends that Defendants, and each of them, acted with the intent to defraud Plaintiff and the public regarding the status of Plaintiff's Note. Defendants, and each of them, also knew that the act of recording the Assignment of Deed of Trust without the authorization to do so from the owner of the underlying note was invalid. Plaintiff alleges Defendants repeatedly initiated Substitution of Trustees and multiple sell dates that were cancelled, including sell dates with no Lender or Investor on Document in order to collect on a discharged debt. Notice of Trustee's Sale dated August 7, 2009, **(Exhibit 7)** another Notice of Trustee's Sale dated September 22, 2010 **(Exhibit 8)**

7. Plaintiff alleges that on November 14, 2011, MERS, as "beneficiary" purportedly executed an assignment of Deed of Trust as "nominee" for ResMae Mortgage Corporation, the original lender who liquidated its assets in bankruptcy November 6, 2007, purportedly transferred its interest, rights, title, lien to U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-HE3, Asset

Motion for Permanent Injunction in Violation of Automatic Stay, Violation of Discharged Injunction, and Creditors Misconduct

7

Backed Pass-Through Certificates, Series 2006-HE3, recorded on December 23, 2011.
**(Exhibit 9)**

Plaintiff alleges the second assignment of the Deed of Trust was void because 1) it was
executed by MERS and MERS had no standing to transfer any rights.  2) the assignment
was executed after the original lender's bankruptcy discharge violating the bankruptcy
permanent injunction against the lenders creditors.  3) it was not transferred into the
PSA by the cut-off date, of October 1, 2006.  4) This assignment was recorded five (5)
years after the PSA closing date.  (In *Glaski, supra,* 218 Cal.App.4th 1079).  Furthermore,
MERS lacked authority to act on behalf of ResMae, the transfer was ineffective because
MERS did not own the underlying note, therefore, it could not transfer the beneficial
interest of the Deed of Trust to another.  **Any attempt to transfer the beneficial
interest of a Trust Deed without ownership of the underlying note IS VOID
UNDER CALIFORNIA LAW.**

8.  Plaintiff alleges that on October 18, 2016, MERS, as "nominee" for ResMae, in concert
    with SPS, USBank, JPM and QLS, purportedly modified the first assignment of Deed of
    Trust recorded on April 16, 2008, more than eight (8) years ago, to correct the fabricated
    assignment by changing the name of the security trust.  Plaintiff further alleges that
    because the assignment was void, this corrective action was invalid.  It was invalid
    because a void assignment cannot be ratified or validated.   **(Exhibit 10)**

9.  Plaintiff alleges the Defendants MERS purportedly as "beneficiary", Stewart as Trustee,
    whereas, USBank and JPM as assignee, and ALAW as trustee, did willfully place a
    Mesne assignment against Plaintiff's Property in violation of Court order bankruptcy
    section § 501.  **(Exhibit 11)** The Defendants did not file a Proof of Claim in Plaintiff's
    bankruptcy, a five (5) month waiting period was extended.  JPM Proof of Claim was
    disallowed and expunged in the ResMae, the Original Lenders bankruptcy proceedings.
    Plaintiff asserts that six (6) years, after her bankruptcy, she has not been able to
    reestablish her credit.

Motion for Permanent Injunction in Violation of Automatic Stay, Violation of Discharged Injunction, and Creditors Misconduct

10. Plaintiff alleges the assignments of Deed of Trust void and assert her rights not to have her home unlawfully foreclosed upon. *Mruk v. Mortgage Elec. Registration Sys., Inc.* (R.I. 2013) 82 A.3d 527, 536). Plaintiff unaware of her legal rights, in prior occurrences succumbed to multiple efforts to save her home including offering tender in 2014 after being informed the lien always "survive bankruptcy intact" in a Chapter 7. Plaintiff alleges Defendant JPM denies ownership of the Mesne Lien through its Release Department and its Attorney at Law. Plaintiff was coerced into believing **the lien was owned by Defendant JPM** and as servicers to the lien holder, Defendant SPS continued to call Plaintiff and leave messages, continued to send monthly statements and notices that an enforceable lien still remains on the real property, in violation of her bankruptcy discharge. **(Exhibit 12)**

11. Plaintiff alleges the Defendants were fully aware of Plaintiff's bankruptcy as was acknowledged by Defendant JPM in a letter dated May 5, 2008, but continued to contact Plaintiff and proceeded with attempts to foreclose on her property. **(Exhibit 13)**

12. Plaintiff alleges receiving a letter from Defendant JPM dated March 10, 2011, informing her that her mortgage account was closed, however JPM continued to proceed with notices of foreclosure procedures, only to postpone the sale dates. **(Exhibit 14)**

13. Plaintiff alleges Stewart had full knowledge of Plaintiff bankruptcy and had full knowledge of the title defect since Plaintiff initial policy with Stewart in 2006 remains with Stewart. Plaintiff notified Stewart of the fraud she had encountered with the loan. Upon information and belief, Stewart's failure to provide either a defense or indemnification as applicable with respect to Plaintiff's policy, "a title defect must be removed by the insurer within a reasonable time, and failure to do so renders the insurer liable for the insured's interim or mesne consequential damages".

## COUNT I:  AUTOMATIC STAY APPLIES TO ALL THE DEFENDANTS

Section 362 stays action to collect a debt. Specifically, § 362(a)(6) protects Plaintiff from creditors that are acting in any capacity to collect, assess, or recover a claim that arose

Motion for Permanent Injunction in Violation of Automatic Stay, Violation of Discharged Injunction, and Creditors Misconduct

1  before the commencement of bankruptcy proceedings.  Section 11 U.S.C. § 362(h) "A violation

2  of the automatic stay is 'willful' if the creditor knew of the automatic stay and intentionally

3  performed the actions that violated the stay".

4      Plaintiff alleges the Defendant violated the stay by collecting payments on a discharged

5  debt, placed a mesne lien on property without court order causing defect in chain of title, and

6  preventing Plaintiff an opportunity of recovery, recording a fabricated deed of trust, notices of

7  default citing diversity of ownership and the existence of a controversy in the requisite amounts

8  owed, repeated substitution of trustees and foreclosures attempt without a Lender or an Investor

9  on document, all are in violation of Plaintiff's bankruptcy stay.  Plaintiff presented the

10 Defendants with a notice of Plaintiff's bankruptcy discharge, "QWR" and a "Cease and Desist"

11 letter in which the defendants intentionally disregarded and continued their action to foreclose

12 on Plaintiff property, to call, to send letters and monthly statements in violation of the automatic

13 stay.

14

15     **COUNT II:  VIOLATION OF THE AUTOMATIC STAY WAS WILLFULL**

16     January 3, 2008, MERS did willfully record a fabricated document with the County's

17 Recorders office with the intent to foreclose on Plaintiff property disregarding the condition of

18 the title or who held the title.  The "Trustee's Sale Guarantee Order" was implemented with a

19 deliberate intent to profit at the expense of Plaintiff.  The order had no Investor or Lender listed

20 on the document, however, the special instructions were to foreclose in the name of U. S. Bank

21 as Trustee for JPMAC:2006-H3 J.P. Morgan Chase Bank.  The agent at SEC penitently, could

22 not locate that trust, and determined it was not listed among the 2006 series of trust.  The

23 assignment was willfully executed by MERS, signed by MERS, purportedly transferred by

24 MERS to U.S. Bank as Trustee for JPMAC:2006-H3 J.P. Morgan Chase Bank who did not have

25 any interest rights to assign or transfer to another, the assignment did not make the cut-off

26 closing date, all of the above mentioned actions caused the deed of trust to be a void instrument.

27     Plaintiff alleges the April 16, 2008, assignment of Deed of Trust was willfully executed

28 by MERS as owner of the Deed of Trust and did purportedly transfer interest to U.S. Bank as

29 Trustee for JPMAC H3-2006 J.P. Morgan Chase Bank National Association.  The assignment

30 was void because the deed of trust was recorded two (2) years after the closing date of October

31 1, 2006.  Plaintiff is informed and alleges that when the Deed of Trust joins a securitized

32 Motion for Permanent Injunction in Violation of Automatic Stay, Violation of Discharged Injunction, and Creditors Misconduct

1  trust—it is documented by a Pooling and Servicing Agreement (PSA). Each PSA has a cutoff

2  date, and if the deed of trust is not transferred into the PSA by the cutoff date, then that sale is

3  **not** true and legal and is void.

4      Plaintiff alleges that on December 23, 2011 MERS did willfully purportedly execute

5  another assignment of the Deed of Trust. This time to U.S. Bank as Trustee for J.P. Morgan

6  Mortgage Acquisition Trust 2006-HE3, Asset Backed Pass-Through Certificates, Series 2006-

7  HE3. MERS purportedly transferred the same Deed of Trust to U. S. Bank as Trustee for

8  JPMAC:2006-H3 J.P. Morgan Chase Bank on April 16, 2008. Plaintiff alleges that since

9  MERS did not own the underlying note, it could not transfer the beneficial interest of the Deed

10  of Trust to another. The assignment of deed of trust dated December 23, 2011 is therefore,

11  invalid. Plaintiff alleges a break in the chain of title. **Any attempt to transfer the beneficial**

12  **interest of a Trust Deed without ownership of the underlying note IS VOID UNDER**

13  **CALIFORNIA LAW**. (*In re Walker*, *Case no. 10-21656-E–11*).

14      On June 26, 2016, Plaintiff in an effort to refinance or take-out a reverse mortgage,

15  discovered the Mesne Assignment that had been willfully placed against her Property by MERS

16  as "beneficiary" naming USBANK and JPM as assignees and CRC and ALAW as trustees

17  creating a defect title. ALAW and CRC as Substitutions of Trustees have since merged

18  together. The defendants did not present a Proof of Claim to the court, were not the underlying

19  lien holder but willfully placed the mesne assignment against Plaintiff property in violation of

20  bankruptcy Code § 501. The mesne assignment is void for the assignment of deed of trust was

21  1) not perfected 2) the purported deed of trust recorded by MERS vice president was not

22  recorded until December 23, 2011, five (5) years after the PSA's closing date of October 1,

23  2006, 3) the mesne assignment was recorded as MERS being the "beneficiary".

24      Plaintiff alleges Defendant JPM denies ownership of the Mesne Lien through its Release

25  Department and its Attorney at Law.

26      Plaintiff alleges the mesne assignment is impeding her right as a homeowner to recover

27  from her hardship. Plaintiff has not been able to reestablish her credit. Plaintiff alleges the lien

28  was willfully placed against the Property for profit at Plaintiff's expense and violating the

29  bankruptcy stay as shown… **"but may not pursue any deficiency claim against the Debtor(s)**

30  **or Property of the estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501"**.

31  **(Exhibit 15)**

32  Motion for Permanent Injunction in Violation of Automatic Stay, Violation of Discharged Injunction, and Creditors Misconduct

1   Plaintiff alleges that SPS, MERS and QLS, acting in concert did so willfully on October
2   18, 2016, purportedly corrected the voided assignment of Deed of Trust recorded April 16,
3   2008, by changing the name of the security trust.  Plaintiff alleges the assignment was void
4   because the Deed of Trust was a fabricated instrument and was not transferred into the
5   securitized trust before it closed and therefore the transfer was ineffective.  MERS had no rights
6   to correct the assignment of deed of trust.  **The assignment was in violation of California Law**
7   **and of MERS guidelines that state a member loses its agency relationship with the**
8   **originating lender if they sell to non-member or are liquidated in bankruptcy.**  The deed of
9   trust was void and could not be ratified or validated by MERS, SPS or QLS, for they did not
10   possess any ownership rights to act and MERS lost any relationship it had with ResMae when
11   ResMae was liquidated in bankruptcy.  Upon information and belief, parties to a securitization
12   or other transfer agreement may very well wish to ratify the transfer agreement despite any
13   defects, but no ratification is possible if the assignment is void.

14   SPS fully aware of Plaintiff bankruptcy discharge but continued to flood her mail box with
15   monthly statements and letters and refused to cease when presented with a cease and desist
16   letter as was recommended by counsel.  **(Exhibit 16)**

17

18   **COUNT III: THE COLLECTION OF A DISCHARGED DEBT BY DEFENDANT**
19   **VIOLATES AUTOMATIC STAY**

20   Plaintiff alleges she was lead to believe she had to reinstate the loan in order to keep her
21   home and was presented with a TPP loan modification application.

22   In 2013, after numerous attempts of foreclosures Plaintiff was presented with another
23   "Loan Modification" to save her home, again with Defendant JPM, when after paying
24   approximately two (2) payments into a second TPP loan modification, Plaintiff was given notice
25   to complete all transactions with a different servicer, Defendant SPS.  Plaintiff completed the
26   trial period and again were not presented with a loan modification.  SPS presented a "Lien
27   Modification" to Plaintiff for her to sign.  Plaintiff paid a total of $6,711.51 into what she
28   thought was a loan modification when she was presented with a lien balance of $1,062,328.97
29   requesting certified funds.  Plaintiff alleges that SPS structured a "lien modification" with
30   preconditions, by inflating the amount of the debt in violation of Plaintiff's bankruptcy
31

32   Motion for Permanent Injunction in Violation of Automatic Stay, Violation of Discharged Injunction, and Creditors Misconduct

discharge under bankruptcy code § 362. Plaintiff paid a total of $30,062.88 into loan
modifications, where none of the payments were applied to the debt. **(Exhibit 17)**

    Plaintiff alleges the Defendants were fully aware of the courts orders but willfully
continued to demand payments with inserted statements on documents:

> _"To the extent your original obligation was discharged, or is subject to an_
> _automatic stay of bankruptcy under Title of the United States Code, this notice is for_
> _compliance and/or informational purposes only and does not constitute an attempt_
> _to collect a debt or to impose personal liability for such obligation"._

    Plaintiff alleges and believing the defendants had the power to service her loan and the
power to foreclose relied on those concealed facts. The Defendants are not holders or owners of
the note or security instrument, did so collect on a discharged debt in violation of bankruptcy
code Section § 362.

## COUNT IV:  PLAINTIFF WAS INJURED BY DEFENDANTS MISCONDUCT

    Plaintiff alleges and launches the misconduct of the defendants, when a fabricated Deed
of Trust was filed with the County Recorder's Office in 2008, two (2) years after the dead-line
closing date. That assignment was void. A second Deed of Trust was executive and filed with
the County Recorder's Office in 2011, five (5) years after the dead-line closing date. That
assignment was void. The fabricated assignment of Deed of Trust that was filed in 2008 was
purportedly corrected eight (8) years after recordation by changing the name of the assignee. A
deceptive Notice of Default filed in 2008 was later rescinded in 2012. A second rescission of a
Notice of Default filed in 2013 was later rescinded in 2016. MERS purportedly executing and
transferring rights when MERS had no rights to transfer, were in violation of California Law
and Plaintiff's bankruptcy stay. Plaintiff was deceived when presented with a "lien
modification". Plaintiff paid over thirty thousand dollars ($30,000) into loan modifications and
thousands of dollars in legal fees. Plaintiff has been gravely injured by the misbehavior of the
defendants as is particularize herein.

Motion for Permanent Injunction in Violation of Automatic Stay, Violation of Discharged Injunction, and Creditors Misconduct

1    Plaintiff alleges that Chet Sconyers of First American Trustee Servicing, LLC Trustee

2  Services f/k/a First LoanStar American executed a "Trustee's Sale Guarantee Order" dated

3  January 3, 2008 that clearly stated:

4          Please abstract and record the enclosed <u>Notice of Default</u> **immediately regardless of**

5          **condition of Title…**Please record the enclosed first legal notice (and Substitution of
           Trustee if required) under the following Deed of Trust.

6          **Special Instructions:**  *And to foreclose in the name of U.S. Bank National Association,*

7          *as Trustee for JPMAC 2006 H3 J.P. Morgan Chase Bank, National Association.*

8          **Chet Sconyers who invoked the power of sale by special instructions per their**

9  **client's instructions, was not the true beneficiary.**  Chet Sconyers, Vice President at First

10  American Trustee Servicing Solutions/Nationwide Posting and Publications as is noted on his

11  LINKEDIN account, signed the Deed of Trust as a certifying officer of MERS.  Chet also

12  executed and signed the Substitution of Trustee dated and issued before the purported

13  assignment of Deed of Trust was recorded.  *(Refer to exhibits 1,2,3, and 4).*

14          Plaintiff's, alleges that on March 3, 2008, MERS purportedly as owner, executed an

15  assignment of the Deed of Trust that was recorded April 16, 2008 with the Recorders Office.

16  The recorded assignments which purportedly transferred rights from MERS as owner of said

17  Deed of Trust, to U.S. Bank as Trustee for JPMAC 2006-H3 J.P. Morgan Chase Bank, National

18  Association was recorded two (2) years after the closing date of October 1, 2006 became null

19  and void.  The purported investment loan trust was not found among the SEC records.  Because

20  of this act outside of law, the Substitution of Trustee, Notice of Default and Notice of Trustee

21  Sale becomes invalid.

22          Plaintiff alleges that because the transfer of the deed of trust took place after the MBS

23  closed, the assignment was invalid, therefore, a subsequent foreclosure sale of the property is

24  void.  Plaintiff alleges after seven (7) months of payments via Western Union, JPM rejected

25  Plaintiff's last payment on April 10, 2010 without any explanation.  In total distress of losing

26  her home that payment was sent to the Defendant after Plaintiff sought reasons for the rejection.

27  Defendant JPM collected a total of $23351.37 from Plaintiff through the HAMP TPP Loan

28  Modification Program.  Plaintiff has endured incredible array of unfair, deceptive and

29  misleading practices imposed on her by the Defendants.  Over the past six years, as she has tried

30  to meet constantly-shifting demands with respect to her attempts to obtain a mortgage loan

31  modification in order to save her home.  Defendants have strung Plaintiff along, repeatedly

32  Motion for Permanent Injunction in Violation of Automatic Stay, Violation of Discharged Injunction, and Creditors Misconduct

1  requesting documentation that Plaintiff had already provided, and promising an illusory

2  permanent loan modification or "workout solution" that defendants apparently never intended to

3  grant. **(Exhibit 18)**

4  　　　　On December 23, 2011, Plaintiff alleges that MERS purportedly executed another

5  assignment of Deed of Trust whereas MERS did so conveyed, grant, sell, assign, transfer and

6  set over the described Deed of Trust <u>without recourse</u>, representation, or warranty, together with

7  all rights, the title and interest secured thereby, all liens, and any rights due or to become due

8  thereon to U. S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition

9  Trust 2006-HE3, Asset Backed Pass-Through Certificates, Series 2006-HE3.  MERS did not

10 possess any rights to make such a transfer and was in violation of California Law and the

11 bankruptcy automatic stay.

12 　　　　On October 18, 2016, MERS, SPS and QLS, purportedly corrected the void assignment

13 of Deed of Trust by changing the name of the security trust on the Deed of Trust dated April 16,

14 2008.  Plaintiff alleges the assignment was void because the loan was not transferred into the

15 securitized trust before it closed and therefore the transfer was ineffective.  The ResMae

16 Mortgage Corporation investment trust had closed years ago.  The deed of trust was void and

17 could not be ratified or validated by MERS, SPS or QLS.  (Parties to a securitization or other

18 transfer agreement may well wish to ratify the transfer agreement despite any defects, but no

19 ratification is possible if the assignment is void.)  In *Glaski, supra,* 218 Cal.App.4[th] 1079, the

20 court held that the plaintiff stated a cause of action for wrongful foreclosure under the theory

21 that the entity invoking the power of sale was not the holder of the deed of trust.  The court also

22 wrote, "Transfers that violates the terms of the trust instrument are void under the New York

23 trust law, and borrowers have standing to challenge void assignments of their loans even though

24 they are not a third party to, or third party beneficiary of the assignment agreement.

25 　　　　Upon information and belief Plaintiff alleges that by MERS and other defendants

26 changing the name of the security trust on the fabricated document from JPMAC 2006-H3 J.P.

27 Morgan Chase Bank, National Association to J.P. Morgan Mortgage Acquisition Trust 2006-

28 HE3, Asset Backed Pass-Through Certificates, Series 2006-HE3, and filing the a purportedly

29 correct document with the Recorders Office, the assignment still remains void because the deed

30 of trust was not transferred into the securitized trust before its closing date of October 1, 2006,

31 MERS was not the owner of the underlying note and could not transfer the rights to another,

32 Motion for Permanent Injunction in Violation of Automatic Stay, Violation of Discharged Injunction, and Creditors Misconduct

MERS had no beneficial interest in the deed of trust, therefore the transfer was ineffective. (In *Glaski, supra,* 218 Cal.App.4th 1079). A notice of rescission was filed May 2, 2012. **(Exhibit 19).**

Plaintiff contends MER, JPM, QLS, U.S. Bank, ALAW and SPS lacked standing because they were not the holder of her Note.

Plaintiff alleges that both assignments including the purported correction of the assignment of the Deed of Trust were in violation of the Permanente Injunction released by the Judge in the RMC bankruptcy which prohibited any person against commencing or continuing any action, employment of process, or act to collect, offset or recover any claim or Rights of Action satisfied or released under this Plan to the fullest extent authorized or provided by the Bankruptcy Code, including, without limitation, to the extent provided for or authorized by section 524 and 1141 thereof. (The Plan *Case No. 07-1077 (KJC)*

Since MERS did not own the underlying note, it could not transfer the beneficial interest of the Deed of Trust to another. **Any attempt to transfer the beneficial interest of a Trust Deed without ownership of the underlying note IS VOID UNDER CALIFORNIA LAW.**

The two assignments of deed of trust including the modified deed of trust dated October 18, 2016, were all initiated, signed and purportedly transferred by MERS. MERS continued to create, execute and file documents purportedly in the name of ResMae, the original lender, years after ResMae assets were liquidated in bankruptcy. This violates the bankruptcy stay. Plaintiff alleges **(Exhibit 21 – 27)** particulars foreclosures notices with "No Lender on Document", dissimilarity of amount owed, Notice of Default, Substitution of Trustee, Notice of Trustee's Sale, Debt Validation Notice and Notice of Default

SPS an alleged assignee under the assignment of Deed of Trust in December 23, 2011, purportedly have standing under that assignment where the same assignor had already assigned that Deed of Trust to a different entity in April 16, 2008. Plaintiff alleges the chain was broken. A notice of rescission was filed May 2, 2012. **(Exhibit 20).**

Motion for Permanent Injunction in Violation of Automatic Stay, Violation of Discharged Injunction, and Creditors Misconduct

1   All assignments of Deed of Trust filed were filed after the ResMae Delaware

2   Bankruptcy Court Judge released a Permanent Injunction that prohibited any creditor claims

3   against ResMae Mortgage Corporation after June 15, 2007.  ResMae was no longer in existence

4   when the Deed of Trust was supposedly created by MERS as "nominee" for ResMae where the

5   interest was assigned or transferred to U. S. Bank NA for J.P. Morgan Mortgage Acquisition

6   Trust 2006-HE3, Asset Backed Pass-Through Certificates, Series 2006-HE3.

7       As the following table makes clear, the JPMorgan defendants did not file proofs of

8   claims in the Fieldstone, NovaStar or RAMP bankruptcies, and their claims in the AHM, New

9   Century and ResMae bankruptcies were settled, disallowed or liquidated:

| Bankruptcy | Securitization(s) in Removal Notice | Defendants | Claims Bar Date | Proof of Claim |
|---|---|---|---|---|
| ResMae | JPMAC 2006-RM1 JPMAC 2006-HE3 | JPM Mort., JPM Accept., JPMSI | Bankruptcy Closed | Disallowed |

14       Finally, the JPMorgan defendants' claims in the AHM and ResMae bankruptcies were

15   filed after the bar date, disallowed and, to the extent not disallowed, fully liquidated.  JPMorgan

16   filed two proofs of claim in ResMae on May 12, 2008.  Van Kwawegen Decl. at Exs. 19-20.

17   The bankruptcy court disallowed and expunged both claims when the trustee objected that

18   JPMorgan's claims were filed after the bar date. (*Citing Case 1:12-cv-04761-JSR*).

## CLAIM FOR RELIEF OF WILLFUL VIOLATION OF DISCHARGE INJUNCTION

1.   The actions of the Defendant in this case, in seeking to collect payment on a discharged
     debt by falsely and deceptively fabricating and filing an assignment of Deed of Trust and
     attempting to coerce Plaintiff to sign a "lien modification", in violation of the discharge
     injunction entered in Plaintiff's bankruptcy case pursuant to 11 U.S.C. § 524, and
     constitute contempt of bankruptcy court orders.

2.   Plaintiff contends that the actions of the Defendant in seeking to collect on a debt nearly
     six (6) years after Plaintiff's lawful discharge, constitute a gross violation of the discharge
     injunction as set forth in 11 U.S.C. § 524.

Motion for Permanent Injunction in Violation of Automatic Stay, Violation of Discharged Injunction, and Creditors Misconduct

17

3. The conduct of the Defendants in this case has substantially violated the discharge ordered by this Court and has caused Plaintiff unwarranted and unnecessary time, effort and expense in seeking to enforce her rights guaranteed by the Bankruptcy Code.

4. Defendant seeking to collect a debt via a loan and a lien modification constitutes a gross violation of the Discharge Injunction when Defendant does not hold a valid lien against Plaintiff's property.

5. In order to carry out the provision of the Bankruptcy Code and to maintain its integrity this Court must impose actual damages, punitive damages and legal fees against the Defendants pursuant to the provision of Section 105 of the Bankruptcy Code:

6. As a result of the Defendant's violation of 11 U.S.C. Section 524, the Defendants are liable to the Plaintiff for actual damages, punitive damages and legal fees under Section 105 of the Title 11 of the United States Code.

7. As a result of the Defendant's violation of 11 U.S.C. Section 362, the Defendants are liable to the Plaintiff for actual damages, punitive damages and legal fees under Section 105 of the Title 11 of the United States Code.

8. As a result of the assignments of Deed of Trust that were recorded with the County Recorder's Office, one (1) to four (4) years after the Permanente Injunction which prohibited any person against commencing or continuing any action, employment of process, or act to collect, offset or recover any claim or Rights of Action satisfied or released under this Plan. Defendants are in violation of the stay and are liable to the fullest extent authorized or provided by the Bankruptcy Code including, without limitation, to the extent provided for or authorized by sections 524 and 1141. *(Citing Article XV of the Plan, Section 15.8 or Section of the Confirmation Plan. Case No. 07-10177 (KJC)*

9. As a result of the misconduct, actions, and inaction of the Defendants throughout Plaintiff's bankruptcy and following her discharged, Plaintiff has suffered various types of damages as set forth herein, including specifically the loss of credit, the loss of the ability to purchase and benefit from a line of credit, the loss of timing and other frustration and aggravation associated with writing dispute letters, researching her rights as a homeowner, tracking the status of her disputes and, the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

Motion for Permanent Injunction in Violation of Automatic Stay, Violation of Discharged Injunction, and Creditors Misconduct

The conduct and action and inaction of MERS, JPM, SPS, ALAW, STEWART and QLS were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168 In.

## DAMAGES AND RELIEF

**WHEREFORE,** Plaintiff having set forth her claims for damages and relief against the Defendant respectfully pray of the Court as follows:

A. That Plaintiff have and recover against the Defendant a sum to be determined by the Court in the form of actual damages;

B. That Plaintiff have and recover against the Defendants a sum to be determined by the Court in the form of punitive damages;

C. That Plaintiff have such and further relief as the Court may deem just and proper.

    1. The actions and/or acts of MERS, JPM, SPS, ALAW, STEWART and QLS is the direct cause of the Plaintiff's injury, psychological stress, fear and anxiety experienced despite assurances from counsel that the 11 U.S.C. § 362 and 524 protects Plaintiff from the ongoing contacts of creditors determined to collect on debts allegedly owing.

    2. Remove such Mesne Lien MERS, JPM, ALAW, and STEWART have placed against Plaintiff's property.

    3. The actions have continued and have caused Plaintiff to suffer emotional distress that's related to the fear and of losing her home month after month. Defendant has failed to abide by the Stay and discharged injunction and has collected over $36,735.51 that **has not** gone toward the debt and has left Plaintiff suffering from financial and emotional distress.

    4. The purpose and effect of the collective and common causes of conduct listed herein, was to financially benefit Defendants at the expense of Plaintiff by engaging in fraudulent activities.

    5. The influx of Trustee's Sales made public on Plaintiff's door after her Bankruptcy does injury to her as the contact interferes with her psychological well being. Such

Motion for Permanent Injunction in Violation of Automatic Stay, Violation of Discharged Injunction, and Creditors Misconduct

continued contacts after the filing of a bankruptcy case is perceived as antagonistic and causes stress, depriving her of the "respite" and "breathing room" benefits of the filing.

6. The continued contacts from the Defendants and/or Defendant agent after filing Bankruptcy, injured Plaintiff in violation of 11 U.S.C § 524 and 362, protections as Plaintiff must research and consult with counsel to provide proof of improper contact to bring a motion to assert protection afforded by the Code, thus costing Plaintiff expense and still further stress.

7. The collected amount from Plaintiff by the Defendant through loan modifications.

8. Plaintiff alleges the damages affected her credit which has made it impossible for her to obtain financial assistant or another loan.

9. Additionally, the Plaintiff has lost precious time from her personal and professional life while attempting to prove the Defendant sought to collect a discharged debt but did not hold a valid lien against Plaintiff's property.

10. Lastly, Plaintiff has suffered interruption, annoyance, and continuing anxiety nearly six (6) years after her Chapter 7 bankruptcy discharge.

Since the actions of the Defendants taken in violation of the Automatic Stay and Bankruptcy Discharged Injunction are void, the court is urged to find JPM, MERS, ALAW, STEWART, SPS and QLS in violation of the Automatic Stay and Discharge Injunction and damages should be awarded to the Plaintiff.

DATED: _____JANUARY 31, 2017_____

Ethel Matthews, *Pro Per*

Motion for Permanent Injunction in Violation of Automatic Stay, Violation of Discharged Injunction, and Creditors Misconduct

# PLAINTIFF'S EXHIBITS

| **EXHIBIT** | **DESCRIPTION** |
|---|---|
| 1. | Trustee's Sale Guarantee Order 1/3, 2008 |
| 2. | Notice of Default 1/4/2008 |
| 3. | Substitution of Trustee 2/29/2008 |
| 4. | Notice of Trustee's Sale 4/8/2008 |
| 5. | Assignment of Deed of Trust 4/16/2008 |
| 6. | Pool Servicing Agreement October 1, 2006 |
| 7. | Notice of Trustee's Sale 8/7/2009 |
| 8. | Notice of Trustee Sale 9/22/2010 |
| 9. | Corporate Assignment of Deed of Trust 12/23/2011 |
| 10. | Corrective Corporate Assignment of Deed of Trust 10/18/2016 |
| 11. | Mesne Assignment 11/14/2011 |
| 12. | Letter from SPS Reference Ownership 9/19/2013 |
| 13. | Letter of Acknowledgement of Bankruptcy 5/5/2008 |
| 14. | Letter from Chase reference closed account 5/10/2011 |
| 15. | Relief from Automatic Stay 5/15/2009 |
| 16. | Photo of Influx Mail 2013-2017 |
| 17. | Lien Modification 9/3/3013 |
| 18. | Western Union Decline Letter 4/1/0/2010 |
| 19. | Notice of Rescission 5/2/2012 |
| 20. | Rescission of Notice of Default 8/1/2016 |
| 21. | No Lender on Document 7/11/11 – 12/2/2016 |
| 22. | Notice of Default 3/29/2013 |
| 23. | Substitution of Trustee 3/29/2013 |
| 24. | Substitution of Trustee 2/04/2014 |
| 25. | Notice of Trustee's Sale 4/3/2014 |
| 26. | Notice of Foreclosure Trustee Transfer 7/28/2016 |
| 27. | Notice of Default 12/6/2016 |

Motion for Permanent Injunction in Violation of Automatic Stay, Violation of Discharged Injunction, and Creditors Misconduct

# VERIFICATION

I, Ethel Matthews, am the Plaintiff in this Motion for a Permanent Injunction Relief. I have read the foregoing Complaint for Permanent Injunction Relief and know its contents. The matters stated in the foregoing document are true of my knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 31, 2017, at San Gabriel, California.


By: _____

    ETHEL MATTHEWS, Declarant

Motion for Permanent Injunction in Violation of Automatic Stay, Violation of Discharged Injunction, and Creditors Misconduct

1

2

### Service List

3
4
5

Select Portfolio Servicing, Inc.
3217 S. Decker Lake Drive
Salt Lake City, Utah 84119

6
7
8

JPMorgan Chase Bank NA
270 Park Avenue
New York, New York 10017

9
10
11

MERSCORP
C/o Its Registered System
350 N. St. Paul Street, Suite 2900
Dallas, Texas 75201-4234

12
13
14
15

Bill Beckmann
President and Chief Executive Officer
Mortgage Electronic Registration Systems, Inc.
1818 Library Street, Suite 300
Reston, Virginia 20190

16
17
18
19

Malcolm S. Morris
Chairman and Chief Executive Officer
Stewart Title Guaranty Company
1980 Post Oak Boulevard, Suite 800
Houston, Texas 77252-2029

20
21
22

ALAW
9200 Oakdale Ave. 3rd Floor
Chatsworth, CA 91311

23
24
25

Quality Loan Servicing Corporation
411 Ivy Street
San Diego, CA 92101

26
27

U.S. Bank National Association
700 Kansas Lane MC 800
Monroe, LA 71203

28

29

30

31

32

Motion for Permanent Injunction in Violation of Automatic Stay, Violation of Discharged Injunction, and Creditors Misconduct

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32

# EXHIBIT 1

**FIRST AMERICAN LOANSTAR TRUSTEE SERVICES**
P.O. BOX 961255
FORT WORTH, TX 76161
Telephone: 817-699-6035
Telecopier: 817-699-1484

## TRUSTEE'S SALE GUARANTEE ORDER

January 3, 2008                                                      **CALIFORNIA**

FIRST AMERICAN TITLE INSURANCE COMPANY                    COUNTY: LOS ANGELES
3 FIRST AMERICAN WAY
SANTA ANA, CA 92707
ATTN: WENDY RANDALL

| Order No.: 3564608 | Liability: $673,121.21 | Quanity: 3 |
|---|---|---|
| TS No.: 20089019200019 | Loan Type: Conventional | Investor: NONE |
| Loan No.: 23483787 | | |
| Deed of Trust dated: 06/13/2006 | Recorded: 6/19/2006 | Instrument No.: 06 1335965 |

ETHEL MATTHEWS
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

100 EAST NEWBY AVENUE #1
SAN GABRIEL, CA 91776

Please abstract and record the enclosed Notice of Default immediately regardless of condition of title. Telephone this office the day of recording with confirmation; special request(s), if any; and verify property address, if any. Follow-up with your 10 day letter. Thank you.

Please record the enclosed first legal notice (and Substitution of Trustee if required) under the following Deed of Trust:

Include in the Guarantee a map of the property in question so that it may be used for posting purposes.

Important: Please forward two (2) copies of each Federal Tax Lien for each Junior Federal Tax Lien; also provide the proper mailing address or addresses for us to properly notify the Internal Revenue Service.

By:   Chet Sconyers

**SPECIAL INSTRUCTIONS:**
[X] Sub-by-Code
[ ] Power of Attorney exists to execute or FA has SOT.  Record w/ 1st legal action
[ ] Executed SOT to follow.  Record with 1st legal action
[ ] SOT already recorded

**PER OUR CLIENTS INSTRUCTIONS PLEASE FORECLOSE IN THE NAME OF**
**U.S. BANK NATIONAL ASSOCIATION, as Trustee for JPMAC 2006-H3    J.P. Morgan Chase Bank,**
**National Association**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32

**EXHIBIT 2**



**This page is part of your document - DO NOT DISCARD**



**20080020643**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**01/04/08 AT 08:00AM**

Fee: 12.00
Tax: 0.00
Other: 0.00
Total: 12.00

Title Compa

**TITLE(S) :**



L E A D    S H E E T

**Assessor's Identification Number (AIN)**
**To be completed by Examiner OR Title Company in black ink.**    **Number of AIN's Shown**

-        -

    E14(RM)    **THIS FORM IS NOT TO BE DUPLICATED**



Recording Requested By:
**FIRST AMERICAN TITLE INSURANCE COMPANY**

When Recorded Mail To:
**FIRST AMERICAN LOANSTAR TRUSTEE
SERVICES
P.O. BOX 961253
FORT WORTH, TX 76161**    35646808

01/04/08

20080020643

| TS No.: | 20089019200019 | |
|---|---|---|
| VA/FHA/PMI | | Space above this line for Recorder's use only |

Pursuant to California Code Section 2924c(b)(1) please be advised of the following:

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST
### IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account into good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five days business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this Notice of Default may be recorded (which date of recordation appears on this notice).

This amount is **$33,572.88** as of 1/3/2008, and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your benficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the three month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or(2) establish a schedule of payments in order to cure your default; or both (1) and (2);

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by you creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**CHASE HOME FINANCE, LLC**
c/o **FIRST AMERICAN LOANSTAR TRUSTEE SERVICES
P.O. BOX 961253
FORT WORTH, TX 76161
817-699-6035**

[Page 1 of 2]

TS No.:          20089019200019
VA/FHA/PMI

# NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.

Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale i concluded prior to the conclusion of the foreclosure.

### Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN: That **FIRST AMERICAN LOANSTAR TRUSTEE SERVICES** As Agent for the current beneficiary under a Deed of Trust dated **6/13/2006**, executed by:

### ETHEL MATTHEWS,

as Trustor to secure certain obligations in favor of **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.** ("MERS") AS NOMINEE FOR RESMAE MORTGAGE CORPORATION** as Beneficiary, recorded 6/19/2006, (as Instrument No.) 06 1335965, (in Book) , (Page) of Official Records in the Office of the Recorder of **LOS ANGELES** County, **CALIFORNIA** describing land therein as:

### AS MORE FULLY DESCRIBED IN THE ABOVE MENTIONED DEED OF TRUST

said obligations including ONE NOTE FOR THE ORIGINAL sum of **$675,000.00**.

That a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not beer made of:

### THE INSTALLMENT OF PRINCIPAL AND INTEREST WHICH BECAME DUE ON 08/01/2007 AND AL SUBSEQUENT INSTALLMENTS, TOGETHER WITH LATE CHARGES AS SET FORTH IN SAID NOTE AND DEE OF TRUST, ADVANCES, ASSESSMENTS, FEES, AND/OR TRUSTEE FEES.

### NOTHING IN THIS NOTICE SHALL BE CONSTRUED AS A WAIVER OF ANY FEES OWING TO THE BENEFICIAR UNDER THE DEED OF TRUST, PURSUANT TO THE TERMS OF THE LOAN DOCUMENTS.

That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said agent, a writter Declaration of Default and Demand for same, and has deposited with said agent such Deed of Trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

Dated: **January 03, 2008**

                                FIRST AMERICAN LOANSTAR TRUSTEE SERVICES
                                AS AGENT FOR THE CURRENT BENEFICIARY
                                By: FIRST AMERICAN TITLE INSURANCE COMPANY
                                       as Attorney-In-Fact

                                By: _____ *Wendy Randall*
                                                          (Signature)
                                Name:   **WENDY RANDALL**

                                Title: _____

### FIRST AMERICAN LOANSTAR TRUSTEE SERVICES MAY BE ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.

[Page 2 of 2]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32

# EXHIBIT 3



**This page is part of your document - DO NOT DISCARD**



**20080355316**    Pages: 003

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

02/29/08 AT 08:00AM

| | |
|---|---|
| Fee: | 12.00 |
| Tax: | 0.00 |
| Other: | 0.00 |
| Total: | 12.00 |

Title Company

**TITLE(S) :**



L E A D    S H E E T

**Assessor's Identification Number (AIN)**
**To be completed by Examiner OR Title Company in black ink.**          **Number of AIN's Shown**

**THIS FORM IS NOT TO BE DUPLICATED**

Requested and Prepared by

When Recorded Mail To
**FIRST AMERICAN LOANSTAR TRUSTEE
SERVICES**
P.O. BOX 961253
Ft. Worth, TX 76161-0253

**CALSA**



02/29/08

**20080355316**

_Space above this line for Recorder's use only_

TS No     20089019200019
TSG No    3564608
Loan No   ****3787/MATTHEWS

California

## SUBSTITUTION OF TRUSTEE

WHEREAS,

ETHEL MATTHEWS

was the original Trustor, STEWART TITLE OF CALIFORNIA was the original Trustee, and MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC., ("MERS") AS NOMINEE FOR RESMAE
MORTGAGE CORPORATION was the original Beneficiary under that certain Deed of Trust Dated 6/13/2006
and recorded on 06/19/2006 as Instrument No. 06 1335965, in Parcel No 5369-017-014 of Official Records of
LOS ANGELES County, California, and

WHEREAS, the undersigned is the present Beneficiary under said Deed of Trust, and

WHEREAS, the undersigned desires to substitute a new Trustee under said Deed of Trust in place and instead
of said original Trustee, or Successor Trustee, thereunder, in the manner in said Deed of Trust provided,

NOW, THEREFORE, the undersigned hereby substitute, FIRST AMERICAN LOANSTAR TRUSTEE
SERVICES WHOSE ADDRESS IS· P O BOX 961253, Fort Worth, TX 76161, as Trustee under said Deed of
Trust

Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the
singular number includes the plural.

ϡ

### SUBSTITUTION OF TRUSTEE - PAGE 2

TS No   *2008901920008A*
TSG No
Loan No

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC

Date   1/2/08

CHET SCONYERS, CERTIFYING OFFICER

State of          TX

County of        TARRANT

Before me  CINDY R. MORELAND          A Notary Public , on this day personally appeared  CHET SCONYERS, CERTIFYING OFFICER          , known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that this person executed the same for the purposes and consideration therein expressed

Given under my hand and seal of office this  2nd  day of  January , A.D.  2008

Cindy R. Moreland
(Signature of Notary)

CINDY R. MORELAND, NOTARY

(Notary Seal)



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32

**EXHIBIT 4**




**This page is part of your document - DO NOT DISCARD**



**20080599248**    Pages:
002

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**04/08/08 AT 08:00AM**

Fee: 9.00
Tax: 0.00
Other: 0.00
Total: 9.00

Title Company

**TITLE(S)** :






**Assessor's Identification Number (AIN)**
**To be completed by Examiner OR Title Company in black ink.**    **Number of AIN's Shown**

E480070    **THIS FORM IS NOT TO BE DUPLICATED**

Requested and Prepared by
**FIRST AMERICAN TITLE INSURANCE
COMPANY**

When Recorded Mail To
**FIRST AMERICAN LOANSTAR TRUSTEE SERVICES**
P O. BOX 961253
FORT WORTH, TX  76161            877-276-1894

TSG No         3564608
TS No          20089019200019
FHA/VA/PMI No

04/08/08

**20080599248**

Space above this line for Recorder's use only

### NOTICE OF TRUSTEE'S SALE

YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED **06/13/2006**  UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE  IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

On 4/28/2008 at 10:00 A.M., **FIRST AMERICAN LOANSTAR TRUSTEE SERVICES**, as duly appointed Trustee under and pursuant to Deed of Trust recorded 6/19/2006, as Instrument No 06 1335965, in book , page , of Official Records in the office of the County Recorder of **LOS ANGELES** County, State of **CALIFORNIA**  Executed by

**ETHEL MATTHEWS,**

WILL SELL AT PUBLIC AUCTION TO HIGHEST BIDDER FOR CASH, CASHIER'S CHECK/CASH EQUIVALENT or other form of payment authorized by 2924h(b), (Payable at time of **sale** in lawful money of the United States) **AT THE WEST ENTRANCE TO THE LOS ANGELES COUNTY COURTHOUSE, SOUTHEAST DISTRICT, 12720 NORWALK BOULEVARD, NORWALK, CA**

All right, title and interest conveyed to and now held by it under said Deed of Trust in the property situated in said County and State described as: AS MORE FULLY DESCRIBED IN THE ABOVE MENTIONED DEED OF TRUST APN# **5369-017-014**

The street address and other common designation, if any, of the real property described above is purported to be:

**100 EAST NEWBY AVENUE #1, SAN GABRIEL, CA 91776**

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein  Said sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by said Deed of Trust, with interest thereon, as provided in said note(s), advances, under the terms of said Deed of Trust, fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust  The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is **$721,422.40**  The beneficiary under said Deed of Trust heretofore executed and delivered to the undersigned a written Declaration of Default and Demand for Sale, and a written Notice of Default and Election to Sell  The undersigned caused said Notice of Default and Election to Sell to be recorded in the County where the real property is located.

**FIRST AMERICAN TITLE INSURANCE COMPANY**
**First American LoanStar Trustee Services**
3 First American Way
Santa Ana, CA 92707

*Wendy Randall*

Wendy Randall        FOR TRUSTEE'S SALE
INFORMATION PLEASE CALL 619-590-1221

Date:  4/7/2008

FIRST AMERICAN LOANSTAR TRUSTEE SERVICES MAY BE ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32

**EXHIBIT 5**

**This page is part of your document - DO NOT DISCARD**





20080657527    Pages: 002

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

04/16/08 AT 08:00AM

Fee: 9.00
Tax: 0.00
Other: 0.00
Total: 9.00

Title Company

**TITLE(S) :**

L E A D    S H E E T

**Assessor's Identification Number (AIN)**
To be completed by Examiner OR Title Company in black ink.    **Number of AIN's Shown**

**THIS FORM IS NOT TO BE DUPLICATED**

2

Recording Requested By-
FIRST AMERICAN LOANSTAR TRUSTEE SERVICES

When Recorded Mail To
FIRST AMERICAN LOANSTAR TRUSTEE SERVICES
P.O. BOX 961253
FT WORTH, TX 76161-0253

```
04/16/08

20080657527
```

APN:      5369-017-014
TS No.:   20089019200019                            Space above this line for Recorder's use only

                                        Title Order No.:  3564608

## ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned corporation hereby grants, assigns, and transfers to:

U.S. BANK NATIONAL ASSOCIATION, as Trustee for JPMAC 2006-H3    J.P. Morgan Chase Bank,
National Association

all beneficial interest under that certain Deed of Trust dated:  6/13/2006 executed by

       ETHEL MATTHEWS

Trustor(s). to STEWART TITLE OF CALIFORNIA, as Trustee, and recorded on 6/19/2006 as Instrument No  06
1335965, in Book , Page in the office of the County Recorder of LOS ANGELES County, CALIFORNIA together
with the Promissory Note secured by said Deed of Trust and also all rights accrued or to accrue under said Deed of
Trust

Dated  3-3-08                          MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
                                       INC.


                                       By:

                                            CHET SCONYERS, Certifying Officer


State of        TEXAS

County of       TARRANT

Before me     Sherenetria Taylor Mosby
              Chet Sconyers                        , on this day personally appeared,
_____ , known to me to be the person whose name is subscribed to the
foregoing instrument and acknowledged to me that this person executed the same for the purposes and consideration
therein expressed.

Given under my hand and seal of office this  11th  day of  April A.D. 2008

_____  (Notary Seal)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32

# EXHIBIT 6

8-K 1 jpmac2006he3postclosing8k106.htm REPORT

# SECURITIES AND EXCHANGE COMMISSION

Washington, D.C. 20549

Form 8-K

CURRENT REPORT

Pursuant to Section 13 or 15(d) of the
Securities Exchange Act of 1934

Date of Report (Date of earliest event
Reported):  November 27, 2006

## J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-HE3
(Exact name of Issuing Entity as specified in its charter)

### J.P. MORGAN ACCEPTANCE CORPORATION I
(Exact name of Depositor as specified in its charter)

### J.P. MORGAN MORTGAGE ACQUISITION CORP.
(Exact name of Sponsor as specified in its charter)

J.P. MORGAN ACCEPTANCE CORPORATION I

(Exact name of Registrant as specified in its charter)

| Delaware | 333-130192 | 13-3475488 |
|---|---|---|
| (State or Other Jurisdiction of Incorporation) | (Commission File Number) | (I.R.S. Employer Identification No.) |

270 Park Avenue

New York, New York  10017

(Address of Principal Executive Offices)
(Zip Code)

Registrant's telephone number, including area code (212) 834-3850

Check the appropriate box below if the Form 8-K filing is intended to simultaneously satisfy the filing obligation of the registrant under any of the following provisions:

[  ] Written communications pursuant to Rule 425 under the Securities Act (17 CFR 230.425)
[  ] Soliciting material pursuant to Rule 14a-12 under the Exchange Act (17 CFR 240.14a-12)
[  ] Pre-commencement communications pursuant to Rule 14d-2(b) under the Exchange Act (17 CFR 240.14d-2(b))
[  ] Pre-commencement communications pursuant to Rule 13e-4(c) under the Exchange Act (17 CFR 240.13e-4(c))

Item 8.01.  Other Events.

The Registrant registered issuances of its J.P. Morgan Mortgage Acquisition Trust 2006-HE3, Asset-Backed Pass-Through Certificates, Series 2006-HE3 on a delayed or continuous basis pursuant to Rule 415 under the Securities Act of 1933, as amended (the "Act"), by a Registration Statement on Form S-3 (Registration File No. 333-130192) (the "Registration Statement"). Pursuant to the Registration Statement, the Registrant offered $780,239,000 aggregate principal amount of Class A-1, Class A-2, Class A-3, Class A-4, Class A-5, Class M-1, Class M-2, Class M-3, Class M-4, Class M-5, Class M-6, Class M-7, Class M-8 and Class M-9 Certificates of its J.P. Morgan Mortgage Acquisition Trust 2006-HE3, Asset-Backed Pass-Through Certificates, Series 2006-HE3 on November 10, 2006. This Current Report on Form 8-K is being filed to satisfy an undertaking, contained in the definitive Prospectus dated September 21, 2006, as supplemented by the Prospectus Supplement dated October 27, 2006 (the "Prospectus Supplement"), to file a copy of the Pooling Agreement (as defined below) and other material agreements executed in connection with the issuance of the Certificates, a form of which was filed as an exhibit to the Registration Statement.

The Certificates were issued pursuant to a Pooling Agreement (the "Pooling Agreement"), attached hereto as <u>Exhibit 4.1</u>, dated as of October 1, 2006, by and among J.P. Morgan Acceptance Corporation I, as depositor (the "Depositor"), J.P. Morgan Mortgage Acquisition Corp., as seller (the "Seller"), JPMorgan Chase Bank, National Association, as servicer ("the "Servicer"), The Bank of New York, as securities administrator (the "Securities Administrator"), Pentalpha Surveillance LLC, as trust oversight manager (the "Trust Oversight Manager") and U.S. Bank National Association, as trustee (the "Trustee"). The "Certificates" consist of the following classes: Class A-1, Class A-2, Class A-3, Class A-4, Class A-5, Class M-1, Class M-2, Class M-3, Class M-4, Class M-5, Class M-6, Class M-7, Class M-8, Class M-9, Class C, Class P and Class R Certificates. The Certificates evidence all of the beneficial ownership interest in a trust fund (the "Trust Fund") that consists primarily of two groups of certain adjustable and fixed rate, first and second lien, residential mortgage loans (the "Mortgage Loans") with an aggregate outstanding principal balance of approximately $820,010,815 as of October 1, 2006. Capitalized terms used herein and not otherwise defined shall have the meanings assigned to them in the Pooling Agreement.

On November 10, 2006, the following classes of certificates in the following amounts were sold by the registrant to affiliates of the registrant in private placements in reliance on Section 4(2) of the Securities Act of 1933:

| Class | Initial Principal Balance |
|-------|---------------------------|
| Class P | $100 |
| Class C | N/A |
| Class R | N/A |

The net proceeds from the sale of these certificates were applied by the Registrant toward the purchase of the mortgage loans constituting the pool assets.

Item 9.01. <u>Financial Statements and Exhibits</u>.

(a) <u>Financial statements of businesses acquired</u>:

   Not applicable.

(b) <u>Pro forma financial information</u>:

JPMAC 2006-H  8-K

Not applicable.

(c)  Shell Company Transactions:

   Not applicable

(d)  Exhibits:

Exhibit No.          Description

   4.1          The Pooling and Servicing Agreement, dated as of October 1, 2006, by and
                among the Depositor, the Seller, the Servicer, the Securities Administrator, the
                Trust Oversight Manager and the Trustee.

   4.2          The Swap Confirmation, Swap Schedule and ISDA Master Agreement, each
                dated as of November 10, 2006 by and between JPMorgan Chase Bank,
                National Association and The Bank of New York, not in its individual capacity
                but solely as securities administrator on behalf of the J.P. Morgan Mortgage
                Acquisition Trust 2006-HE3 supplemental interest trust.

## SIGNATURES

   Pursuant to the requirements of the Securities Exchange Act of 1934, the registrant duly
caused this report to be signed on its behalf by the undersigned hereunto duly authorized.

                  J.P. MORGAN ACCEPTANCE CORPORATION I

                  By:  /s/ Thomas Roh
                       Name: Thomas Roh
                       Title:  Vice President

Dated: November 10, 2006

Exhibit Index

   4.1          The Pooling and Servicing Agreement, dated as of October 1, 2006, by and
                among the Depositor, the Seller, the Servicer, the Securities Administrator, the
                Trust Oversight Manager and the Trustee.

4.2         The Swap Confirmation, Swap Schedule and ISDA Master Agreement, each
            dated as of November 10, 2006 by and between JPMorgan Chase Bank,
            National Association and The Bank of New York, not in its individual capacity
            but solely as securities administrator on behalf of the J.P. Morgan Mortgage
            Acquisition Trust 2006-HE3 supplemental interest trust.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32

**EXHIBIT 7**

Requested and Prepared by:
**FIRST AMERICAN TITLE INSURANCE
COMPANY**

When Recorded Mail To:
**FIRST AMERICAN LOANSTAR TRUSTEE SERVICES
P.O. BOX 961253
FORT WORTH, TX 76161**          877-276-1894



| TSG No.: | 3564608 |
| TS No.: | 20089019200019 |
| FHA/VA/PMI No.: | |

_____ Space above this line for Recorder's use only

## NOTICE OF TRUSTEE'S SALE

YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED 06/13/2006. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

On 8/19/2009 at 11:30 AM, **FIRST AMERICAN LOANSTAR TRUSTEE SERVICES**, as duly appointed Trustee under and pursuant to Deed of Trust recorded 6/19/2006, as Instrument No. 06 1335965, in book , page , of Official Records in the office of the County Recorder of **LOS ANGELES** County, State of **CALIFORNIA**. Executed by:

**ETHEL MATTHEWS,**

WILL SELL AT PUBLIC AUCTION TO HIGHEST BIDDER FOR CASH, CASHIER'S CHECK/CASH EQUIVALENT or other form of payment authorized by 2924h(b), (Payable at time of sale in lawful money of the United States) **AT THE FRONT ENTRANCE TO THE POMONA SUPERIOR COURTS BUILDING, 350 W. MISSION BLVD., POMONA, CA**

All right, title and interest conveyed to and now held by it under said Deed of Trust in the property situated in said County and State described as: AS MORE FULLY DESCRIBED IN THE ABOVE MENTIONED DEED OF TRUST APN# 5369-017-014

The street address and other common designation, if any, of the real property described above is purported to be:

**100 EAST NEWBY AVENUE #1, SAN GABRIEL, CA 91776**

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein. Said sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by said Deed of Trust, with interest thereon, as provided in said note(s), advances, under the terms of said Deed of Trust, fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust. The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is **$795,706.44**. The beneficiary under said Deed of Trust heretofore executed and delivered to the undersigned a written Declaration of Default and Demand for Sale, and a written Notice of Default and Election to Sell. The undersigned caused said Notice of Default and Election to Sell to be recorded in the County where the real property is located.

**FIRST AMERICAN TITLE INSURANCE COMPANY**
First American LoanStar Trustee Services
3 First American Way
Santa Ana, CA 92707                                         Date: 7/30/2009

STEPHANIE ONG    -- FOR TRUSTEE'S SALE
INFORMATION PLEASE CALL 530-672-3033

FIRST AMERICAN LOANSTAR TRUSTEE
SERVICES MAY BE ACTING AS A DEBT
COLLECTOR ATTEMPTING TO COLLECT A DEBT.
ANY INFORMATION OBTAINED MAY BE USED
FOR THAT PURPOSE.

See Attached Declaration

Name:   ETHEL MATTHEWS
PA:     100 EAST NEWBY AVENUE #1
        SAN GABRIEL CA 91776

T.S. #   20089019200019

*3*

# DECLARATION OF COMPLIANCE
(California Civil Code Section 2923.5(c))

The undersigned mortgagee, beneficiary, or their authorized agent hereby declares under penalty of perjury, under the laws of the State of California, as follows:

[X] The mortgagee, beneficiary or authorized agent contacted the borrower to discuss the borrower's financial situation and to explore options for the borrower to avoid foreclosure in compliance with Cal. Civ. Code Section 2923.5.

[ ] The mortgagee, beneficiary or authorized agent tried with due diligence but has been unable to contact the borrower to discuss the borrower's financial situation and to explore options for the borrower to avoid foreclosure as required by Cal. Civ. Code Section 2923.5. The following efforts were made:

   [ ]   Sent letter by first class mail with toll free number to HUD-certified housing counseling agency.

   [ ]   Attempted to contact borrower by phone at least three times at different hours and on different days unless the borrower's primary and secondary phone numbers were disconnected.

   [ ]   At least two weeks after attempting to telephone contacts, sent letter by certified mail, return receipt requested that included toll free number to HUD-certified housing counseling agency.

[ ] The mortgagee, beneficiary or authorized agent was not required to comply with Cal. Civ. Code Section 2923.5 because:

   [ ]   The real property is not an owner-occupied single family residence.

   [ ]   The loan was not originated between January 1, 2003 and December 31, 2007.

   [ ]   The borrower has surrendered the property as evidenced by either a letter confirming the surrender or delivery of the keys to the property to the mortgagee, trustee, beneficiary or authorized agent.

   [ ]   The borrower has contracted with someone whose primary business is advising people who have decided leave their homes on how to extend the foreclosure process and avoid their loan obligations.

   [ ]   The borrower has filed for bankruptcy, and proceedings have not yet been finalized.

Dated: _8/5/09_

CHASE HOME FINANCE, LLC

_Michael D. Stark_

ATTACHMENT TO NOTICE OF TRUSTEE'S SALE

**Exhibit**

4

# DECLARATION PURSUANT TO
## CALIFORNIA CIVIL CODE SECTION 2923.54

Pursuant to California Civil Code Section 2923.54, the undersigned loan servicer declares as follows:

1. It has obtained from the commissioner a final or temporary order of exemption pursuant to Section 2923.53 that is current and valid on the date the notice of sale is filed; and

2. The timeframe for giving notice of sale specified in subdivision (a) of Section 2923.52 does not apply pursuant to Section 2923.52 or Section 2923.55.

Chase Home Finance LLC

By: _____
Name: _____Ann Thorn_____
Title: ___First Vice President___

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32

**EXHIBIT 8**



This page is part of your document - DO NOT DISCARD



## 20101342604



Pages:
0003

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**09/22/10 AT 08:00AM**

| | |
|---|---|
| FEES: | 21.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 21.00 |



LEADSHEET



201009220150005

00003002365



002898931

SEQ:
11

DAR - Title Company (Hard Copy)



THIS FORM IS NOT TO BE DUPLICATED

T29

Recording Requested By:
**First American Title Insurance Company**

When Recorded Mail To:
**First American Trustee Servicing Solutions, LLC
f/k/a First American LoanStar Trustee Services, LLC
6 Campus Circle, 2nd Floor
Westlake, TX 76262
(817)699-6035**

09/22/2010

*20101342604*

| | |
|---|---|
| TSG No. | 3564608 |
| TS No.: | 20089019200019 |
| FHA/VA/PMI No.: | |
| APN: | 5369-017-014 |

Space above this line for Recorder's use only

## NOTICE OF TRUSTEE'S SALE

YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED 06/13/2006, UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

On 10/13/2010 at 11:30 A.M., First American Trustee Servicing Solutions, LLC f/k/a First American LoanStar Trustee Services, LLC, as duly appointed Trustee under and pursuant to Deed of Trust recorded 06/19/2006, as Instrument No. 06 1335965, in book , page , of Official Records in the office of the County Recorder of Los Angeles County, State of California. Executed by:

**ETHEL MATTHEWS,**

WILL SELL AT PUBLIC AUCTION TO HIGHEST BIDDER FOR CASH, CASHIER'S CHECK/CASH EQUIVALENT or other form of payment authorized by 2924h(b), (Payable at time of sale in lawful money of the United States) **At the front entrance to the Pomona Superior Courts Building, 350 W. Mission Blvd. Pomona, CA.**

All right, title and interest conveyed to and now held by it under said Deed of Trust in the property situated in said County and State described as: AS MORE FULLY DESCRIBED IN THE ABOVE MENTIONED DEED OF TRUST APN# 5369-017-014

The street address and other common designation, if any, of the real property described above is purported to be:

**100 EAST NEWBY AVENUE #1, SAN GABRIEL, CA 91776**

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein. Said sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by said Deed of Trust, with interest thereon, as provided in said note(s), advances, under the terms of said Deed of Trust, fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust. The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is $845,940.09. The beneficiary under said Deed of Trust heretofore executed and delivered to the undersigned a written Declaration of Default and Demand for Sale, and a written Notice of Default and Election to Sell. The undersigned caused said Notice of Default and Election to Sell to be recorded in the County where the real property is located.

**First American Title Insurance Company**      Date: 09/15/2010
**First American Trustee Servicing Solutions, LLC f/k/a
First American LoanStar Trustee Services, LLC
3 FIRST AMERICAN WAY
SANTA ANA, CA 92707**

**HANK DUONG** FOR TRUSTEE'S SALE INFORMATION
PLEASE CALL (916)939-0772

First American Trustee Servicing Solutions, LLC f/k/a First American LoanStar Trustee Services, LLC MAY BE ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.

**Exhibit**

## DECLARATION PURSUANT TO
## CALIFORNIA CIVIL CODE SECTION 2923.54

Pursuant to California Civil Code Section 2923.54, the undersigned loan servicer declares as follows:

1. It has obtained from the commissioner a final or temporary order of exemption pursuant to Section 2923.53 that is current and valid on the date the notice of sale is filed; and

2. The timeframe for giving notice of sale specified in subdivision (a) of Section 2923.52 does not apply pursuant to Section 2923.52 or Section 2923.55.

Chase Home Finance LLC

By: _____
Name: _Ann Thorn_
Title: _First Vice President_

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32

# EXHIBIT 9

[RECORDING REQUESTED BY]
NATIONWIDE TITLE CLEARING
[AND WHEN RECORDED MAIL TO]
JPMorgan Chase Bank, NA
C/O NTC 2100 Alt. 19 North
Palm Harbor, FL 34683



Loan #: 23483787

## CORPORATE ASSIGNMENT OF DEED OF TRUST

— Contact JPMORGAN CHASE BANK, N.A. for this instrument 780 Kansas Lane, Suite A, Monroe, LA 71203, telephone # (866) 756-8747, which is responsible for receiving payments.

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") AS NOMINEE FOR RESMAE MORTGAGE CORPORATION, ITS SUCCESSORS AND ASSIGNS, (ASSIGNOR), (MERS Address: P.O. Box 2026, Flint, Michigan 48501-2026) by these presents does convey, grant, sell, assign, transfer and set over the described Deed of Trust without recourse, representation or warranty, together with all right, title and interest secured thereby, all liens, and any rights due or to become due thereon to U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-HE3, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-HE3, WHOSE ADDRESS IS 700 KANSAS LANE, MC 8000, MONROE, LA 71203 (866)756-8747, ITS SUCCESSORS OR ASSIGNS, (ASSIGNEE).

Said Deed of Trust made by ETHEL MATTHEWS and recorded on 06/19/2006 as Instrument # 06 1335965 in Book n/a, Page n/a in the office of the LOS ANGELES County Recorder, California.

Property more commonly known as: 100 EAST NEWBY AVENUE #1, SAN GABRIEL, CA 91776

Dated on 11 / 14 / 2011 (MM/DD/YYYY)
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") AS NOMINEE FOR RESMAE MORTGAGE CORPORATION, ITS SUCCESSORS AND ASSIGNS

By: _Labuina Doaty_
    Labuina Doaty
    Vice President

STATE OF LOUISIANA   PARISH OF OUACHITA

The foregoing instrument was acknowledged before me on 11 / 14 / 2011 (MM/DD/YYYY) by Labuina Doaty as Vice President of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") AS NOMINEE FOR RESMAE MORTGAGE CORPORATION, ITS SUCCESSORS AND ASSIGNS, who, being authorized to do so, executed the foregoing instrument for the purposes therein contained. He/she/they is (are) personally known to me.

_Angela Ruth Rumio_
Angela Ruth Rumio
Notary Public - State of LOUISIANA
Commission expires: Upon My Death



Prepared By: E. Lance/NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152

JPCAS 14972125 -- CHASE AKN3359480   MIN 100241010018025300 MERS PHONE 1-888-679-MERS FRMCA1

*14972125*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32

# EXHIBIT 10