FILED & ENTERED

FEB 03 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum    DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No. 2:08-bk-15641-RK |
| ETHEL MATTHEWS, | Chapter 7 |
| Debtor. | **ORDER ON MOTION FOR PERMANENT INJUNCTION IN VIOLATION OF AUTOMATIC STAY 11 U.S.C. § 362 AND § 501 DISCHARGED INJUNCTION § 524 AND CREDITORS MISCONDUCT, REQUIRING SIGNATURE OF DEBTOR ON MOTION BY FEBRUARY 28, 2017** |

**TO DEBTOR ETHEL MATTHEWS AND INTERESTED PARTIES:**

On February 1, 2017, a document called "Motion for Permanent Injunction in Violation of Automatic Stay 11 U.S.C. § 362, and § 501 Discharged Injunction § 524 and Creditors Misconduct" ("Motion") was filed on behalf of Debtor Ethel Matthews ("Debtor") filed. Electronic Case Filing Number 113. However, there was no signature on the Motion for the Debtor as the filing party, so the record does not reflect that the Motion is really hers. Motion at page 20.

Federal Rule of Bankruptcy Procedure 9011(a) which applies to all bankruptcy cases, including this one, requires that every written motion shall be signed by the filing party, and this rule applies to parties like the Debtor who represent themselves in a

bankruptcy case, stating: "A party who is not represented by an attorney shall sign all papers."

Having read the Motion and seen that there is no signature on the Motion by the party filing the Motion as required by Federal Rule of Bankruptcy Procedure 9011, the court orders as follows:

1. Pursuant to Federal Rule of Bankruptcy Procedure 9011, Debtor must sign the Motion. Debtor may remedy this procedural defect in the Motion by filing a signed signature page for the Motion.

2. Federal Rule of Bankruptcy Procedure 9011(a) states: "An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party." Thus, having brought the matter of the omission of the signature on the Motion to the attention of the Debtor, the court orders the Debtor to promptly correct this procedural defect by filing a signed signature page for the Motion on or before February 28, 2017. If Debtor fails to file a signed signature page for the Motion by the due date of February 28, 2017, the court will issue a further order striking the Motion and denying it without prejudice. If Debtor timely files a signed signature page by the due date of February 28, 2017, the court will consider the Motion. The court will not consider the Motion unless and until Debtor complies with Federal Rule of Bankruptcy Procedure 9011 requiring her signature on the Motion.

**IT IS SO ORDERED.**

Date: February 3, 2017

_____
Robert Kwan
United States Bankruptcy Judge