FILED & ENTERED

JUN 29 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum       DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>ETHEL MATTHEWS,<br><br>　　　　　　　　　Debtor. | Case No. 2:08-bk-15641-RK<br><br>Chapter 7<br><br>**MEMORANDUM DECISION ON DEBTOR'S FIRST AMENDED MOTION FOR PERMANENT INJUNCTION FOR ALLEGED VIOLATIONS OF AUTOMATIC STAY AND DISCHARGE INJUNCTION**<br><br>Date:   May 16, 2017<br>Time:   3:00 p.m.<br>Place:  Courtroom 1675<br>　　　　　Roybal Federal Building<br>　　　　　255 East Temple Street<br>　　　　　Los Angeles, California |

　　　　This bankruptcy case came on for hearing before the undersigned United States Bankruptcy Judge on May 16, 2017 on the "First Amended Motion for Permanent Injunction in Violation of Automatic Stay 11 U.S.C. § 362, and § 501, Discharged Injunction § 524 and Creditors Fraudulent Misconduct" ("First Amended Injunction Motion"), filed by Debtor Ethel Matthews ("Debtor") on February 21, 2017 (Docket No. 116).  At the hearing on May 16, 2017, Debtor appeared for herself, Steven M. Daily, of

the law firm of Kutak Rock LLP, appeared for Respondents Select Portfolio Servicing, Inc. ("SPS") and Mortgage Electronic Registration Systems, Inc. ("MERS"), Bryant S. Delgadillo, of the law firm of Parker Ibrahim & Berg LLC, appeared for Respondent JPMorgan Chase Bank, N.A. ("Chase") and Diane M. Luczon, of the law firm of Early Sullivan Wright Gizer & McRae LLP, appeared for Respondent Stewart Title Guaranty Company ("Stewart").  No other appearances were made.

### PROCEDURAL BACKGROUND

On April 27, 2008, Debtor commenced this bankruptcy case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C.  On May 15, 2009, the court entered an order granting relief from the automatic stay as to Chase Home Finance, as servicing agent for MERS, solely as nominee for Resmae Mortgage Corporation relating to the real property located at 100 East Newby Ave., #1, San Gabriel, California, 91776 (Docket No. 78).  By order entered on June 11, 2009, Debtor's bankruptcy case was converted to a case under Chapter 7 of the Bankruptcy Code (Docket No. 83).  On May 3, 2011, the court entered an order for discharge of debt in this bankruptcy case (Docket No. 109), and on July 8, 2011, the court closed the bankruptcy case (Docket No. 111).

On February 1, 2017, Debtor filed her original "Motion for Permanent Injunction in Violation of Automatic Stay 11 U.S.C. § 362, and § 501 Discharged Injunction § 524 and Creditors Misconduct" ("Injunction Motion") (Docket No. 113).  On February 3, 2017, the court issued an order on the Injunction Motion, which required Debtor to file a signed signature page for the Injunction Motion on or before February 28, 2017 (Docket No. 114).  On February 21, 2017, Debtor filed her motion to reopen the bankruptcy case and

her "First Amended Motion for Permanent Injunction in Violation of Automatic Stay 11 U.S.C. § 362, and § 501, Discharged Injunction § 524 and Creditors Fraudulent Misconduct" ("First Amended Injunction Motion"), which included a signed signature page (Docket No. 116).  By order entered on February 28, 2017, the court reopened this bankruptcy case (Docket No. 117).

Having reviewed Debtor's motion to reopen the bankruptcy case and the First Amended Injunction Motion and supporting evidence, the court construed the First Amended Injunction Motion as a motion for issuance of an order to show cause under Local Bankruptcy Rule 9020-1 which governs contempt proceedings for violations of court orders or directives, such as the automatic stay under 11 U.S.C. § 362 and the discharge injunction under 11 U.S.C. § 524, and the court issued its order to show cause ("OSC") (Docket No. 117), ordering MERS, Chase, SPS, U.S. Bank National Association, Stewart, Albertelli Law Group and Quality Loan Service Corporation ("Respondents") to file a written explanation as to why they should not be held liable for any willful violation of the automatic stay under 11 U.S.C. § 362 and the discharge injunction under 11 U.S.C. § 524 and in civil contempt and set the First Amended Injunction Motion for a hearing on May 16, 2017.

On May 16, 2017, the court conducted a hearing on the First Amended Injunction Motion and heard argument from the parties.  The court then took the matter under submission.  The court has considered the evidence on the First Amended Injunction Motion, including the contents of the motion as verified by Debtor in the Verification attached to the motion and the exhibits also attached to the motion, the declaration of Mark Syphus, a document control officer for SPS, and SPS's request for judicial notice

1   and exhibits attached thereto.  The court notes that there were no objections to any of

2   the evidence offered by the parties, including the verified motion and the exhibits

3   attached thereto and the declaration of Mr. Syphus, and the request for judicial notice

4   and exhibits attached thereto, and the court has considered all of these evidentiary

5   matters in its consideration of the motion.  The authenticity and relevance of the

6   documents relating to Debtor's loan transaction involving the subject real property, such

7   as the deed of trust, the assignments of deed of trust, notices of trustee's sale,

8   correspondence between debtor and the loan servicers, are undisputed.  As discussed

9   below, the court has accorded the appropriate weight to each item of evidence and

10  each of the judicial notice matters.

11      Having considered the evidence on the First Amended Injunction Motion and

12  related pleadings of the parties, the court hereby determines that the material facts are

13  uncontroverted, *see* Local Bankruptcy Rule 9020-1(f)("At the hearing, the court may

14  treat as true any uncontroverted facts established by declaration and limit testimony to

15  controverted facts only."), that Debtor has not established her claims asserted in the

16  First Amended Injunction Motion by the appropriate standard of evidence  that the

17  Respondents violated the automatic stay and discharge injunction in this case and has

18  not effectuated proper service of process on several respondents, and that therefore,

19  the First Amended Injunction Motion, and all of the claims asserted therein, should be

20  denied.

///

///

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ANALYSIS**

**The court determines that Debtor has not proven that Respondents acted in violation of the automatic stay under 11 U.S.C. § 362(k) or in contempt of court.**

"As soon as a bankruptcy case is filed, an *automatic stay* immediately goes into effect and generally prevents creditors (and other parties) from taking most actions against property of the bankruptcy estate, the debtor, and the debtor's property." 2 March, Ahart and Shapiro, *California Practice Guide: Bankruptcy,* ¶ 8:1 at 8(I)-1 (2016) (emphasis in original), *citing,* 11 U.S.C. § 362.  "This 'blanket injunction' continues until a bankruptcy court order lifting the stay has been entered or the stay has expired."  *Id.*

The automatic stay as to property of the bankruptcy estate applies once the bankruptcy case is filed until such property is no longer property of the estate.  11 U.S.C. § 362(c)(1).  Property ceases to be property of the estate when it is abandoned. 2 March, Ahart and Shapiro, *California Practice Guide: Bankruptcy,* ¶ 8:1 at 8(I)-1 (emphasis in original), *citing inter alia,* 11 U.S.C. § 554 and *In re D. Papagni Fruit Co.,* 132 B.R. 42, 45 (Bankr. E.D. Cal. 1991).  "Unadministered property scheduled by the debtor under 11 U.S.C. § 521(a)(1) is *automatically abandoned* back to the debtor when the case is closed *unless the court orders otherwise."*  2 March, Ahart and Shapiro, *California Practice Guide: Bankruptcy,* ¶ 6:440 at 6-44 (emphasis in original), *citing inter alia,* 11 U.S.C. § 554 and *In re Menk,* 241 B.R. 896, 911 (9th Cir. BAP 1999).  In this bankruptcy case, the automatic stay as to the property of the bankruptcy estate, including the subject real property at 100 East Newby Ave., #1, San Gabriel, California 91776, terminated because this property was automatically abandoned to the debtor when the bankruptcy case was closed on July 8, 2011 since the property scheduled by

Debtor on her bankruptcy schedules, including the subject real property at 100 East

Newby Ave., #1, San Gabriel, California  91766 listed on Schedule A-Real Property

(Docket No. 7 at page 37), were unadministered assets as shown by the Chapter 7

Trustee's Report of No Distribution, dated October 27, 2009 as reflected on the case

docket on that date, and since the court did not otherwise order that the scheduled and

unadministered property of the estate not be automatically abandoned back to Debtor in

its case closure order entered on July 8, 2011 (Docket No. 111).   Thus, in this

bankruptcy case, the automatic stay as to property of the bankruptcy estate, including

the real property at 100 East Newby Ave., #1, San Gabriel, California, was in effect from

the date Debtor filed her bankruptcy petition on April 27, 2008 until July 8, 2011 when

the stay was terminated when the bankruptcy case was closed, resulting in an

abandonment of scheduled and unadministered property of the estate to Debtor under

11 U.S.C. §§ 362(c)(1) and 554.

The automatic stay applies as to other actions covered under 11 U.S.C. § 362(a),

including collection against the debtor personally, once the bankruptcy case is filed until

the earliest of (a) the time the case is closed; (b) the time the case is dismissed; or (c)

the time a discharge is granted or denied.  See 11 U.S.C. § 362(c)(2)(A)-(C).  Thus, in

this bankruptcy case, the automatic stay as to these other actions covered under 11

U.S.C. § 362(a) was in effect from the date Debtor filed her bankruptcy petition on April

27, 2008 until May 3, 2011 when Debtor was granted her bankruptcy discharge, at

which time the automatic stay terminated under 11 U.S.C. § 362(c)(2)(C).  Moreover,

the automatic stay applied to Chase from April 27, 2008 until Chase was granted relief

from the automatic stay by an order of this court entered on May 15, 2009.

1
2
3
4
5
6

The only time periods in which a violation of the automatic stay could have

occurred in this case were: (1) as to property of the estate, from April 27, 2008 through

July 8, 2011; (2) as to other actions covered under 11 U.S.C. § 362(a), from April 27,

2008 through May 3, 2011; and (3) as to Chase, from April 27, 2008 through May 15,

2009.

7
8
9
10
11
12
13
14
15
16
17
18
19
20

A willful violation of the automatic stay is shown under 11 U.S.C. § 362(k) if a

party knew of the automatic stay, and its actions in violation of the stay were intentional.

*Eskanos & Adler, P.C. v. Leetien,* 309 F.3d 1210, 1215 (9th Cir. 2002)(citation omitted;

case applied 11 U.S.C. § 362(h), which was redesignated as 11 U.S.C. § 362(k) in

2005).  Absent actual knowledge or notice of the stay, there is no willful violation of the

stay, and damages under 11 U.S.C. § 362(k) are not awardable.  *In re Abrams*, 127

B.R. 239, 243 (9th Cir. BAP 1991).  "A party seeking damages for violation of the

automatic stay must prove by a preponderance of the evidence that (1) a bankruptcy

petition was filed; (2) the debtor is an individual; (3) the creditor received the notice of

the petition; (4) the creditor's actions were in willful violation of the stay; and (5) the

debtor suffered damages."  See *In re Bertuccio*, 414 B.R. 604, 611 (Bankr. N.D. Cal.

2008)(citation omitted).

21
22
23
24
25
26
27
28

"A party who violates the automatic stay may be held in contempt and the court

may award damages to compensate the other party for actual loss suffered."  *In re*

*Computer Communications, Inc.,* 824 F.2d 725, 731 (9th Cir. 1987)(citation omitted); *see*

*also,* 11 U.S.C. § 105(a).  The moving party has the burden of showing by clear and

convincing evidence that the contemnors violated a specific and definite order of the

court.  *In re Dyer*, 322 F.3d 1178, 1190-1191 (9th Cir. 2003).  The automatic stay

1  qualifies as a specific and definite court order.  *Id*.

2       The court has examined the record of evidence submitted by the parties relating

3  to Debtor's First Amended Injunction Motion and finds that the evidence does not prove

4  violations of the automatic stay and discharge injunction in this bankruptcy case under

5  the standards of proof of preponderance of the evidence under 11 U.S.C. § 362(k) and

6

7  of clear and convincing evidence for civil contempt.

8       Debtor's claim that Respondent MERS violated "the permanent injunction"  of the

9  bankruptcy case for Resmae Mortgage, Debtor's original home lender, on March 3,

10  2008 and April 16, 2008 through assignment of and recording a Deed of Trust, First

11  Amended Injunction Motion at 2, ¶ 5, and at 6, ¶ 4, and Exhibit 5 attached thereto

12  (Debtor's Exhibits were attached to this motion), is not legally cognizable in this

13  bankruptcy case because such claim purports to enforce an order of another court, the

14

15  Delaware bankruptcy court, in another case, Resmae Mortgage's bankruptcy case,

16  rather than the automatic stay and discharge injunction in this bankruptcy case before

17  this court.  These acts occurred before the automatic stay arose in this bankruptcy case

18  when Debtor filed her Chapter 11 bankruptcy petition on April 27, 2008.   Moreover,

19  assuming for the sake of argument that the court has authority to enforce the injunction

20  order of the Delaware bankruptcy court, which the court does not, Debtor's claim also

21

22  lacks merit since there is no evidence how these acts allegedly violated the "permanent

23  injunction" of the Delaware bankruptcy court in the Resmae Mortgage bankruptcy case

24  because Debtor did not offer any evidence of such "permanent injunction."

25

26       Debtor's further claim that by these acts, Respondent MERS violated California

27  law, citing, *Glaski v. Bank of America,* 218 Cal.App.4[th] 1079 (2013), and "MERS

28

-8-

guidelines" on March 3, 2008 and April 16, 2008 through assignment of and recording a

Deed of Trust, First Amended Injunction Motion at 2-3, ¶ 6-11, and at 7, ¶ 5, and Exhibit

6, is not proven by a preponderance of the evidence that there was any violation of

California law on grounds that the assignment of trust deed was transferred late into a

Pooling and Servicing Agreement (PSA).   Debtor's evidence does not show how the

assignment of trust deed, Exhibit 5, was late or otherwise relates to the PSA since

Debtor does not offer a copy of the PSA.   Debtor refers to Exhibit 6 as the PSA in the

First Amended Injunction Motion at 7, ¶ 5, but that exhibit is only a 4-page excerpt of a

SEC Form 8-K, Current Report, for J.P. Morgan Acquisition Trust 2006-HE3, dated

November 27, 2006, referring to a Pooling and Servicing Agreement as Attached Exhibit

4.1, but Debtor in her Exhibit 6 does not provide a copy of the PSA, the Attached Exhibit

4.1.   Thus, the court cannot determine whether the assignment of trust deed was "late"

as Debtor alleges, so her claim that it violated California law is unsubstantiated.    In any

event, based on the authorities cited by SPS and MERS, Debtor is precluded by

California law from bringing a preemptive pre-foreclosure lawsuit challenging the

authority of a foreclosing party's authority to foreclose on behalf of the holder of a note.

*Response of Respondents Select Portfolio Servicing, Inc., and Mortgage Electronic*

*Registration Systems, Inc. (MERS) to Court's Order to Show Cause re: Contempt on*

*Debtor's First Amended Motion for Permanent Injunction,* filed on April 24, 2017 (Docket

No. 132), at 9-11, *citing inter alia, Gomes v. Countrywide Home Loans, Inc.,* 192

Cal.App.4th 1149, 1155 (2011); *Saterbak v. JPMorgan Chase Bank, N.A.,* 245

Cal.App.4th 808, 814-815 (2016) and *Glaski v. Bank of America,* 218 Cal.App.4th at

1098-1099.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Respondent MERS had colorable authority to assign the deed of trust to secure

the home loan taken out by Debtor as indicated by the evidence, which includes a deed

of trust signed by Debtor, which she did not offer into evidence, and the recorded

assignments of the deed of trust to U.S. Bank. *Declaration of Mark Syphus in

Response to Court's Order to Show Cause re: Contempt,* filed on April 24, 2017 (Docket

No. 133) at 1-3; *Request of Respondents SPS and MERS for Judicial Notice,* filed on

April 24, 2017 (Docket No. 134) at 2-3 and Exhibit A attached thereto; *Debtor's Exhibits

5, 9 and 10.* Debtor's contention is that the assignments of the deed of trust, including

the assignment on March 3, 2008, recorded on April 16, 2008, are invalid because

MERS lacked authority to make the assignments, but the deed of trust (i.e., the security

instrument for the loan) signed by Debtor indicates that MERS was the designated

beneficiary of the deed of trust acting on behalf of the lender, Resmae Mortgage, and

thus, on the face of the deed of trust, Debtor had consented to the designation of MERS

as the beneficiary of the trust deed with the rights to act on behalf of the lender and its

successors, so there does not seem to be any violation of the terms of the deed of trust

under California law for MERS to act, including assigning the deed of trust. *Id.* Debtor

does not make any claim that the acts relating to the making and recording the

assignment of the deed of trust on March 3, 2008 and April 16, 2008 violated the

automatic stay because these acts predated the automatic stay arising when the

bankruptcy case was filed on April 27, 2008, and besides, an assignment of an interest

in a deed of trust and recordation of such assignment are not acts to collect against the

debtor or her property which would implicate the automatic stay. *Newman v. Bank of

New York Mellon,* 2013 WL 1499490, slip op. at *3 (E.D. Cal. 2013); *In re Tucker,* 441

B.R. 638, 646 (Bankr. W.D. Mo. 2010).

Debtor also claims that recording the assignment of trust deed without the authorization of the owner of the underlying note is invalid, but cites no legal authority in support of such a claim, and offers no evidence showing that such authorization is lacking in any event. The court thus determines that this claim also lacks merit.

Debtor's claim that the assignment of trust deed violated MERS guidelines, First Amended Injunction Motion at 6, ¶ 2, is not proven by a preponderance of the evidence because she does not offer into evidence the purported MERS guidelines which are allegedly not met here.  Thus, the court finds that this claim lacks merit on its face because there is no showing of any kind how the assignment of trust deed violated any internal guidelines of MERS.

Debtor's claim that violations of the automatic stay are shown by Exhibits 7 and 8, Notices of Trustee's Sale, which sales were scheduled for August 19, 2009 and October 13, 2010, recorded on August 7, 2009 and September 22, 2010, First Amended Injunction Motion at 7, ¶ 6, and Exhibits 7 and 8, is not proven by the preponderance of the evidence because Debtor in her First Amended Injunction Motion does not specifically identify any of the Respondents which were responsible for these notices in that she refers to "Defendants, and each of them" were involved.  In examining the Notices of Trustee's Sale, Exhibits 7 and 8, the court notes that First American Trustee Servicing Solutions, LLC, formerly known as First American LoanStar Trustee Services, LLC, recorded these notices as the "duly appointed Trustee" of the deed of trust, but this entity was not named as a Respondent in Debtor's First Amended Injunction Motion.  Attached to the Notices of Trustee's Sale, Exhibits 7 and 8, were declarations

of Chase Home Finance LLC as loan servicer pursuant to California Civil Code, §
2923.54 regarding an exemption for the notice of sale pursuant to California Civil Code,
§ 2923.53.  To the extent that this claim of Debtor relates to Respondent Chase, the
claim should be denied because there is no violation of the automatic stay because
Chase had previously obtained stay relief from this court as to this property before these
notices were recorded.  As to the other Respondents, Debtor offers no evidence relating
any of them to these notices, so there is no valid claim based on these notices as to
them.  Moreover, Debtor's claim based on these notices should be denied because
Debtor offers no evidence of any damages from the notices of Trustee's sale since
neither sale occurred.

Debtor's claim alleging violations of the automatic stay occurred on November
14, 2011 and December 23, 2011 when Respondent MERS executed and transferred
an assignment of the Deed of Trust, First Amended Injunction Motion at 2, ¶ 7, and 7-8,
¶ 7, and Exhibit 9, is not proven by a preponderance of the evidence because at the
time of these alleged violations, the bankruptcy case had closed on July 8, 2011, and
the automatic stay had terminated as discussed above.  Since no automatic stay
existed at the time of these alleged acts, there was no violation of stay.  Debtor also
argues that recording the assignment of trust deed without the ownership of the
underlying note is invalid, First Amended Injunction Motion at 8, ¶ 7, but cites no legal
authority for such proposition, and offers no evidence showing that such ownership is
lacking in any event.  The court thus determines that this argument also lacks merit.

Debtor's related claim alleging violations of 11 U.S.C. § 501 occurred on
November 14, 2011 and December 23, 2011 when Respondent MERS executed and

transferred an assignment of the Deed of Trust, resulting in a "mesne assignment"

where U.S. Bank and Chase were assignees and Albertelli Law Group was trustee, First

Amended Injunction Motion at 8-9, ¶ 9, and Exhibit 11, does not prove her claim by a

preponderance of the evidence because these parties did not do anything that violated

11 U.S.C. § 501, which relates to the filing of proofs of claim, and the complained-of act

was not the filing of a proof of claim.  Moreover, Exhibit 11 is not properly admissible

because it appears to be a copy of a 2-page except of an unidentified and

unauthenticated property title report by an unknown third party, and the court disregards

Exhibit 11 as lacking proper foundation.

Debtor has not proven by a preponderance of the evidence any willful violation of

the automatic stay by Respondent SPS.  As stated previously, the automatic stay in this

bankruptcy case was in effect from April 27, 2008 through July 8, 2011.  The court

agrees with Respondent SPS in its response to the OSC (Docket No. 132) that it could

not have violated the stay because it was not servicing the loan when the stay was in

effect because the only evidence in the record is that SPS began servicing the loan on

June 1, 2013.  *Declaration of Mark Syphus in Response to Court's Order to Show*

*Cause re: Contempt,* filed on April 24, 2017 (Docket No. 133) at 2.

Debtor has not proven by a preponderance of the evidence any willful violation of

the automatic stay by Respondent Chase.  Debtor's claim that Chase violated the

automatic stay by its letter to her dated May 5, 2008 lacks merit because this letter does

not show a violation of the automatic stay against collection action because the letter

specifically states "This is not an attempt to persuade you to make payments to Chase."

See First Amended Injunction Motion, Exhibit 13.  In her First Amended Injunction

Motion, Debtor otherwise fails to cite specific incidents or provide any evidence of a stay violation by Chase or its affiliates.

Debtor has not offered evidence of a willful violation of the automatic stay by Respondent Stewart.  At paragraph 13 on page 9 of the First Amended Injunction Motion, Debtor alleges that Stewart, which issued the title insurance policy on the property in 2006, "had full knowledge of Plaintiff's bankruptcy and had full knowledge of the title defect" and that "Plaintiff notified Stewart of the fraud she encountered with the loan," and that "[u]pon information and belief, Stewart's failure to provide either a defense or indemnification as applicable with respect to Plaintiff's policy, 'a title defect must be removed by the insurer within a reasonable time, and failure to do so renders the insurer liable for the insured's interim or mesne consequential damages.'"  First Amended Injunction Motion at 9.  The court agrees with Respondent Stewart's response to the OSC (Docket No. 125) that the First Amended Injunction Motion does not state specific stay violation allegations that relate to it since Debtor is not alleging that Stewart acted in violation of the stay to enforce a prepetition claim under 11 U.S.C. § 362.  Besides, Debtor offered no evidence to substantiate her allegations against Stewart as well.

11 U.S.C. § 362(k) permits a person injured by a willful violation of the automatic stay to recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages.  11 U.S.C. § 362(k).  As the court has found that the record does not show any violation of the automatic stay by any Respondent, the court should deny Debtor's request for damages under 11 U.S.C. § 362(k).

Assuming for the sake of argument that there was some violation of the automatic stay, Debtor failed to prove by a preponderance of the evidence that she sustained any damages from any stay violation.  First, Debtor has not offered any evidence to show any foreclosure of the trust deed securing her home loan on the subject real property.  Second, although Debtor asserts that she paid $36,492.27 for "loan modifications," she has not offered any evidence that she actually paid this money to any Respondent.  In her papers, Debtor refers to "Defendant" which is not specifically named, so it is not clear which of the Respondents was culpable in collecting the money.  Moreover, Debtor did not offer any evidence of any such payment of $36,492.27.  The court notes that Debtor's Exhibit 17 is a letter from SPS to Debtor dated September 3, 2013, which has an attachment of an unsigned loan modification agreement, but there is no evidence that Debtor paid the amount of $36,492.27 as contended by her on page 13 of Debtor's First Amended Injunction Motion.  Debtor offers no evidence that this alleged payment was the result of a violation of the automatic stay in effect between April 27, 2008 and July 8, 2011.  (If Debtor has not paid her secured home loan since 2008 as contended by some of the Respondents (*see Declaration of Mark Syphus in Response to Court's Order to Show Cause re: Contempt,* filed on April 24, 2017 (Docket No. 133) at 2-3) and as she admitted at the hearing, it is not clear that there was anything wrongful by the lender in collecting any loan modification payments on the secured home loan, even if modified.)  Finally, Debtor's claim that she had to pay attorneys' fees is not supported by sufficient evidence to constitute a prima facie showing of such a claim because she offers no evidence that (1) she ever paid any such attorneys' fees and (2) that such fees were

incurred as a result of a violation of the automatic stay.  First Amended Injunction

Motion at 13-14.

For the foregoing reasons, the court finds that Debtor has not proven by the

preponderance of the evidence under 11 U.S.C. § 362(k) that any Respondent willfully

violated the automatic stay in this case and that Debtor failed to offer sufficient evidence

to make a prima facie showing that clear and convincing evidence establishes her

claims for contempt that any Respondent willfully violated the automatic stay.

Accordingly, the court will deny Debtor's claims under 11 U.S.C. § 362(k) and for

contempt based on alleged violations of the automatic stay.

**The court determines that Debtor has not proven by clear and convincing evidence that Respondents acted in violation of the discharge injunction in contempt of court.**

11 U.S.C. § 524(a)(2) "operates as an injunction against the commencement or

continuation of an action, the employment of process, or an act, to collect, recover or

offset any such debt as a personal liability of the debtor."  11 U.S.C. § 524(a)(2).  Civil

contempt is the appropriate remedy for the violation of the discharge injunction.  *Walls

v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 507 (9th Cir. 2002).  Debtor has the burden of

proving by clear and convincing evidence that the offending creditor knowingly and

willfully violated the discharge injunction.  *In re Kabiling*, 551 B.R. 440, 444-445 (9th Cir.

BAP 2016), *citing, ZiLog, Inc. v. Corning* (*In re ZiLog, Inc.*), 450 F.3d 996, 1007 (9th Cir.

2006).  "The offending creditor acts knowingly and willfully if (1) it knew the discharge

injunction was applicable and (2) it intended the actions which violated the injunction."

*Id*.

With respect to the first element of knowledge on Debtor's claim for contempt based on a violation of the discharge injunction, a creditor cannot be held in contempt for violating the discharge injunction unless the creditor had actual knowledge of the injunction. *Id*. With respect to the second element of intent, courts apply the same analysis regarding violations of the discharge injunction as they do with violations of the automatic stay. *Id*. "The focus is on whether the creditor's conduct violated the injunction and whether that conduct was intentional; it does not require a specific intent to violate the injunction." *Id*. (citations omitted).

In determining whether Debtor has proven the first element of knowledge on Debtor's contempt claim based on a discharge injunction violation, the evidence offered by Debtor only shows that Chase was the only Respondent potentially aware of the discharge injunction. However, in determining whether Debtor has proven the second element of intent on her contempt claim for violation of the discharge injunction, the court finds that she offered no evidence that Chase intended to violate the injunction. The evidence does not show that Chase attempted to collect and hold her *personally liable* for any of the outstanding home loan debt in violation of the discharge injunction. In fact, the evidence shows the contrary as Debtor acknowledged in her First Amended Injunction Motion that the monthly letters Chase sent to her stated that they were for "informational purposes only" and did "not constitute an attempt to collect a debt or to impose personal liability for such obligation." First Amended Injunction Motion at 13, lines 9-11. Since Chase was not seeking to hold Debtor personally liable for the discharged debt, the court finds that Debtor's evidence does not make a prima facie showing that Chase violated the discharge injunction with the intent to violate it.

A creditor having a secured lien against Debtor's residence may enforce its rights

to enforce the lien.  *See* 11 U.S.C. § 524(j); *Johnson v. Home State Bank*, 501 U.S. 78,

84 (1991); *In re Isom,* 901 F.2d 744, 745 (9th Cir. 1990).  Respondent U.S. Bank has a

colorable claim as the current holder of the lien to secure the home loan taken out by

Debtor as indicated by the evidence, which includes the deed of trust signed by Debtor

and the recorded assignments of the deed of trust to U.S. Bank.  *Declaration of Mark*

*Syphus in Response to Court's Order to Show Cause re: Contempt,* filed on April 24,

2017 (Docket No. 133) at 1-3; *Request of Respondents SPS and MERS for Judicial*

*Notice,* filed on April 24, 2017 (Docket No. 134) at 2-3 and Exhibit A attached thereto;

*Debtor's Exhibits 5, 9 and 10.*

The bankruptcy discharge under 11 U.S.C. § 524 "operates as an injunction

against . . . the employment of process, or an act, to collect, recover, or offset any

[discharged] debt as a personal liability of the debtor . . ."  11 U.S.C. § 524(a).

However, "a bankruptcy discharge extinguishes only one mode of enforcing a claim–

namely, an action against the debtor *in personam* [i.e., as against the debtor personally]

–while leaving intact another–namely, an action against the debtor *in rem* [i.e., as

against the property of the debtor].  *Johnson v. Home State Bank*, 501 U.S. at 84.  "[A]

discharge in bankruptcy prevents the [creditor] from taking an action to collect the debt

as a personal liability of the debtor . . . . however, [the debtor's] property remains liable

for a debt secured by a valid lien."  *In re Isom,* 901 F.2d at 745 (citations omitted).  Once

the automatic stay has terminated, a creditor with a valid lien against property of the

debtor as collateral may proceed against such collateral securing its lien even though

the creditor cannot proceed against the debtor personally.  *In re Dickinson*, 24 B.R. 547,

550 (Bankr. S.D. Cal. 1982)(citations omitted).

In reviewing Debtor's evidences, the court finds that she offered no evidence that Respondents Stewart, SPS, MERS, U.S. Bank, Albertelli Law Group, and Quality Loan Service Corporation were aware of the discharge injunction, and thus, the court further finds that Debtor has not proven by clear and convincing evidence that any of these Respondents were aware of the discharge injunction to support a finding of contempt. Accordingly, the court determines that Debtor has failed to prove that any of these Respondents can be held in contempt for violating the discharge injunction.

For the foregoing reasons, because the evidence does not show by clear and convincing evidence demonstrates that any Respondent willfully violated the discharge injunction, the court will deny Debtor's claims for contempt based on alleged violations of the discharge injunction.

**The court determines that service of the First Amended Injunction Motion on Respondents U.S. Bank National Association, Quality Loan Servicing, Inc., and Albertelli Law Group was insufficient.**

Debtor's proof of service of the First Amended Injunction Motion (Docket No. 120), filed on March 22, 2017, indicates that Respondent U.S. Bank National Association, a depository institution insured with the Federal Deposit Insurance Corporation (FDIC), was not properly served with the First Amended Injunction Motion because the proof of service does not indicate that the First Amended Injunction Motion was mailed to it at a publicly recognized address, such as its address listed on the FDIC Bank Find website in Cincinnati, Ohio, and service was not addressed to the attention of an officer or agent for service of process as required by Federal Rules of Bankruptcy Procedure 7004(h) and 9014. Accordingly, the court will deny the Motion as to this

Respondent for insufficient service of process.

Debtor's proof of service of the First Amended Injunction Motion indicates that Respondent Quality Loan Service Corporation in the First Amended Injunction Motion, was not properly served with the First Amended Injunction Motion because the proof of service does not indicate that the First Amended Injunction Motion was mailed to it to the attention of an officer or agent for service of process as required by Federal Rules of Bankruptcy Procedure 7004(a)(3) and 9014.  Accordingly, the court will deny the Motion as to this Respondent for insufficient service of process.

Debtor's proof of service of the First Amended Motion in an errata to the original proof of service (Docket No. 123), filed on March 29, 2017, indicates that Respondent Albertelli Law Group was not properly served with the First Amended Injunction Motion. Debtor contends that she served the Albertelli Law Group based on information on the California Secretary of State's website, but this website does not show an Albertelli Law Group as a registered entity.  Debtor's proof of service (errata) indicates that Debtor served Albertelli Law Partners, which according to the California Secretary of State's website was incorporated in 2013 and dissolved in 2015.  There is no evidence that this entity is the same entity as Albertelli Law Group, one of the named respondents, or it had anything to do with this matter since it was only incorporated in 2013 and dissolved in 2015, and most of the acts at issue in this matter occurred before this time period. Moreover, service on a dissolved entity is not effective.  Accordingly, the Motion is denied as to Respondent Albertelli Law Group for insufficient service of process.

Accordingly, the court will deny Debtor's claims under 11 U.S.C. § 362(k) and for contempt against Respondents U.S. Bank National Association, Quality Loan Servicing

Inc., and Albertelli Law Group for insufficient service of process.

A separate order denying relief will follow.

IT IS SO ORDERED.

### 

Date: June 29, 2017

_____

Robert Kwan
United States Bankruptcy Judge